TAYLOR v. SHORT'S ADMINISTRATOR *et al.*

1. Mortgage: RELEASE OF PORTION. Where several lots are covered by a mortgage, the release by the mortgagee of one of the lots, with notice on his part that other of the lots had been sold by the mortgagor to third parties, will have the effect to discharge the lots thus alienated to the extent of the *pro rata* value of the one released.

2. —— *Aliter*, if it could be shown that the mortgagor had no title to the lot released, or that the purchasers were not prejudiced by the release.

*Appeal from Des Moines District Court.*

THURSDAY, JUNE 24.

RELEASE OF MORTGAGED PREMISES — EFFECT OF, ETC. — Action to foreclose mortgage. Two subsequent purchasers of part of the mortgaged premises defend and claim that the plaintiff released a portion of the mortgaged premises, whereby he discharged his lien on other portions to the extent of the *pro rata* value of the portion released. The court decided the questions made in favor of these subsequent purchasers.

The plaintiff appeals.

*Tracy & Newman* for the appellant.

*Geo. Robertson* for the appellees.

DILLON, Ch. J. — Plaintiff had a mortgage or deed of trust upon certain lots. The District Court finds that he released one of the lots — the Smith lot. The evidence shows that he did this with knowledge that the appellees or their grantors had purchased, after the execution of

the mortgage, other lots covered by it.   The present action seeks to foreclose the mortgage for the *full amount* due thereon against the lots owned by the appellees.   The appellees insist that, as the mortgage was a common burden upon all the lots embraced in it, each lot is charged with its fair proportion of the debt, and that if the plaintiff, with actual knowledge of the alienation to the appellees, releases the mortgage as to part of the property, he thereby discharges the portions owned by the appellees to the extent of the *pro rata* value of the portion released. *Stevens* v. *Cooper*, 1 Johns. Ch. 425; *Guion* v. *Knapp*, 6 Paige Ch. 35, 42; *Patty* v. *Pease*, 8 id. 277; *Duester* v. *McCamus*, 14 Wis. 307; *Parkman* v *Welch*, 19 Pick. 231.

This general rule we do not understand the appellant to controvert or deny; but his counsel say in their written argument that " when the Smith obligation (for the lot plaintiff released to Smith) became due, the plaintiff sued it and was defeated, and failed to collect because of imperfection in the title, and refuses to credit the mortgage debt with the amount of it, because never collected."

The records in the two cases of the plaintiff against Smith are not before us.   We do not know why the plaintiff failed therein.   We find nothing in the record showing that he was unsuccessful, because Smith obtained or had no title.

If the plaintiff could show that his mortgage was no lien upon the Smith lot, or that by releasing it the appellees could not be and were not injured, the claim of the latter could not be sustained.

We see nothing in the case to 'take it out of the rule of equity insisted upon by the appellees.   The plaintiff's discharge of the Smith lot from his mortgage was his own voluntary act; and it operated under the circumstances as was held by the District Court, *pro rata* to dis-

charge the lien thereof as respects the property of the appellees, the appellant having full knowledge of the sale to and the rights of the appellees.

We see no error in the action of the court in disallowing to the plaintiff as against the appellees the expenses of the litigation, in attempting to enforce the collateral against Smith and the other parties. The decree below was equitable, and must be

Affirmed.