## Tufts v. Stanley.

1. **Mortgage**: CONTRIBUTION: SALE OF PROPERTY. The sale of encumbered real estate in parcels to different purchasers renders each purchaser liable to contribute proportionately to the discharge of the encumbrance.

2. ———: RELEASE. The release of the mortgage upon one of the parcels does not give the mortgagee the right to enforce his entire lien upon the remainder of the land covered thereby.

3. ———: ———: SUBSEQUENT MORTGAGEE. The same rule respecting contribution applies to subsequent mortgagees of different parcels as to actual purchasers.

*Appeal from Iowa Circuit Court.*

WEDNESDAY, APRIL 5.

ON the 28th day of January, 1868, J. G. Hopkinson, being the owner of 200 acres of land in Iowa county, executed a mortgage thereon to the State University for $400; and March 9, 1868, he executed another mortgage on the same land to S. C. Tufts, plaintiff herein, to secure $840 and interest. On the 28th day of November, 1868, Hopkinson conveyed forty acres of said land to Perry Hopkinson. On the 30th day of May, 1871, said J. G. Hopkinson executed a mortgage on the remaining 160 acres of said land to one Pritchard to secure $750 and interest, and said Pritchard afterwards assigned said mortgage to Amos Stanley, the defendant herein. On the 15th day of March, 1873, Tufts commenced an action in the Iowa Circuit Court to foreclose the mortgage to him, making J. G. Hopkinson, the mortgagor, and his wife and Perry Hopkinson, the purchaser of the forty acres, parties defendant, and afterwards obtained a judgment and decree of foreclosure. On the 14th day of June, 1873, a sheriff's sale was had under said foreclosure, and all of said land excepting the forty acres conveyed to Perry Hopkinson was sold to Tufts, the plaintiff, for $2,267, the bid including the amount of the University mortgage, the amount of Tufts' mortgage, the amount of tax

liens, costs, etc. Tufts paid off the University mortgage, tax liens, costs, etc., and went into possession of the 160 acres at the date of the sheriff's sale. On the 6th day of September, 1873, and before Stanley was made a party hereto, Tufts executed a written release so far as the lien held by him covered the forty acres conveyed to Perry Hopkinson. On the 18th day of October, 1873, plaintiff by an amended petition made defendant Stanley, the holder of the Pritchard mortgage, a party defendant, asking a decree of foreclosure against him. Stanley answered setting up among other things that the release of the forty acres was wrongful as to him, and asking that he be allowed to redeem by paying the amount due to Tufts after deducting the reasonable value of the rents of the premises and the proportionate value of the Perry Hopkinson forty acres so released. There was a trial by the court, which found that the net rents were of the value of $258.50, and that plaintiff, by releasing the forty acres, should be held to have received its proportionate share of the burdens of the mortgages which were upon the whole 200 acres according to its value, and plaintiff appeals.

*Hedges & Murphy* and *Hanna & Fitzgerald*, for appellant.

Where mortgaged lands are sold by the mortgagor, equity charges the residue of the mortgagor's lands with the whole debt, and in case of foreclosure the residue must be first sold before resorting to the part conveyed by the mortgagor. (*Mc-Williams v. Meyer*, 10 Iowa, 325; *Massie v. Wilson*, 16 Id., 390; *Ins. Co. v. Miller*, 1 Barb. Ch., 353; *Stuydevant v. Hall*, 2 Id., 151; *Conrad v. Harrison*, 3 Leigh, 532.) The prior lien holder, when there are subsequent encumbrancers, is under no more obligation to levy upon one tract than another, save in case some tract has been conveyed, and respecting that the rights of subsequent encumbrancers are no greater than that of the mortgagor. (*Bates v. Ruddick*, 2 Iowa, 423; *Massie v. Wilson, supra.*) A subsequent encumbrancer has no right to redeem from a prior lien covering other land of the mortgagor than that embraced in his own lien without paying the

whole prior lien, unless he can show that the *pro rata* share of the part not mortgaged to him has been paid. (*Street v. Beal & Hyatt*, 16 Iowa, 68; *Johnson v. Harman*, 19 Id., 58; *Knowles v. Rublen*, 20 Id., 201.) The fact that such subsequent encumbrancer was not a party to the foreclosure does not change the rule. (*Heimstreet v. Winnie*, 10 Iowa, 430; *Barney v. Meyers*, 27 Id., 472.)

*Rumple & Lake*, for appellee.

If the mortgagee releases his lien upon any one of several tracts covered by his mortgage, he is presumed to have received its proportionate share of the mortgage debt. (*Barney v. Meyers*, 28 Iowa, 472; *Taylor v. Shorts*, 27 Id., 361.) Where encumbered real estate is sold by the mortgagor in parcels to different purchasers, each must contribute proportionately to the discharge of the encumbrance and not in the inverse order of alienation. (*Barney v. Meyers*, 28 Iowa, 472.) When the mortgagee releases a part of mortgaged premises, he cannot enforce his lien against other portions of the mortgaged property without first deducting the value of the part released by him. (*Taylor v. Shorts*, 27 Iowa, 361; *Stuydevant v. Hall*, 2 Barb. Ch., 151.)

ROTHROCK, J.—No question is made upon the finding and decision of the court deducting the rents and profits from the amount necessary to redeem. The simple question presented is, did the court err in deducting the proportionate value of the forty acres released by plaintiff from the burden of his mortgage?

It is well settled in this State, that where encumbered real estate is subsequently sold by the mortgagor in parcels to different purchasers, each must contribute proportionately to the discharge of the encumbrance, and not in the inverse order of the sale. *Barney v. Myers*, 28 Iowa, 472. If in this case J. G. Hopkinson had conveyed the remaining 160 acres to Stanley's assignor, instead of executing a mortgage, the rule would unquestionably apply

1. MORTGAGE: sale of property: contribution.

in all its force. In that case Tufts would be bound to see that each parcel of the land should be made to bear its proportionate share of the burden. How, if at all, is this case different in principle from the one supposed? Perry Hopkinson is a subsequent purchaser, and Stanley a subsequent mortgagee. It is undoubtedly true that if, before the plaintiff took his decree, and released the forty acres, Stanley had been made a party, he could have insisted that all the land should bear its proportion in the payment of the mortgages prior to his own. It is difficult to perceive what right he has lost in that regard. No question is made as to the plaintiff having actual notice of Stanley's mortgage, before he released the forty acres. It seems to be conceded that he had; indeed the record discloses that the cause was continued in April, 1873, to make new parties, and Stanley was accordingly brought in, and the forty acre tract was released in September, 1873.

The plaintiff insists that Stanley is not a purchaser, and that the 160 acres should be exhausted to pay the University 2. ——: ——: and Tufts' mortgages, before having resort to the subsequent mortgagees. forty acres sold to Perry Hopkinson. This position is not tenable. Stanley does take whatever interest his mortgage gives him as a purchaser, and does not sit in the seat of the mortgagor, as in case of an heir taking by descent.

The satisfaction of the mortgages by Tufts, he being then the holder of both the University mortgage and his own, must be held as a rateable satisfaction of both. There is nothing in the record to show what, if any, consideration he received. We must presume that, as he knew Stanley's right to have all the land burdened alike with the prior mortgages, he did not release without a consideration. However this may be, we hold that by releasing the land, he received satisfaction *pro rata* of the mortgages held by him.

AFFIRMED.