GOODYEAR ET AL. v. GOODYEAR ET AL.

1. **Mortgage**: ASSUMPTION AND PAYMENT BY PURCHASER: NO SUBROGATION. A purchaser of land incumbered with a mortgage and a junior judgment, who assumes and agrees to pay the mortgage as a part of the purchase-money, and does so pay it, and it is satisfied of record, is not entitled to be subrogated to the rights of the mortgagee, so that he can set up the mortgage as a prior lien against the holder of the junior judgment; but the mortgage is extinguished, and the judgment is advanced to a first lien; and it is immaterial that he has no actual notice of the judgment.

*Appeal from Greene District Court.*

THURSDAY, JUNE 9.

THIS is a suit in equity, and involves the question of the priority of conflicting liens upon certain real estate. There was a decree in the district court for the plaintiffs. Defendants appeal.

*Howard & Rose*, for appellants.

*Russell & Tolliver*, for appellees.

ROTHROCK, J.—The material facts in the case are as follows: On the 19th day of June, 1882, R. G. Barnes sold and conveyed the land in controversy to E. C. Goodyear. The consideration for the sale was $1,600. Of this sum $250 was paid in cash, and the balance was secured by a mortgage on the premises, executed by E. C. Goodyear. The deed and mortgage were filed for record and recorded. On the 7th day of October, 1882, the defendants Charles P. Kellogg &

Co. obtained a judgment against said E. C. Goodyear and Henry Goodyear in the circuit court of Greene county for the sum of $1,760. This judgment was a lien on the land, but junior and inferior to the purchase-money mortgage. On the 17th day of November, 1882, E. C. Goodyear and her said husband conveyed the land to Martin Goodyear by a special warranty deed, and by the terms of the deed Martin Goodyear assumed the payment of the mortgage to Barnes, and agreed to pay the same when it became due. About January 16, 1884, Martin Goodyear paid the Barnes mortgage in full, and Barnes executed a release and satisfaction of the mortgage, which was filed for record and recorded on the 30th day of January, 1884. On the 26th day of December, 1884, Martin Goodyear conveyed the land by general warwanty deed to Elizabeth Goodyear. Martin Goodyear is a son, and Elizabeth Goodyear a daughter, of E. C. and Henry Goodyear. Martin Goodyear and Elizabeth Goodyear, at the time the respective conveyances of the land were made, had no actual knowledge of the judgment in favor of Kellogg & Co.

The question in the case arising upon the foregoing facts is, has Elizabeth Goodyear, the present owner of the land, the right to interpose the mortgage as a lien superior to the judgment? It is claimed that she has such a right, because her grantor assumed and paid the mortgage as part of the purchase-price of the land, and that he was entitled to be subrogated to the rights of Barnes, the mortgagee. We think this is a misconception of the law of subrogation, and a mistake as to the relations of the parties to the mortgage in question. Martin Goodyear and Elizabeth Goodyear were, at the time of their respective purchases of the land, charged with constructive notice of the judgment. This notice was as effectual, as to them, as actual notice would have been. They can assert no equity arising out of the fact that they had no actual knowledge of the existence of the judgment. If they could do so, constructive notice would be of little

avail. When Martin Goodyear took his conveyance of the land, he agreed to pay the mortgage. He did not become the surety of the mortgagor. He made the debt his own. In other words, he stepped into the shoes of the grantor. He actually paid the mortgage, and had it released and satisfied of record. In our opinion, neither he nor his grantee has any greater right to revive it and use it as a lien superior to the judgment than his grantor would have if he had paid it, and was still the owner of the land.

The doctrine of once a mortgage always a mortgage has no application to the facts of this case. If Barnes had taken a conveyance of the land, and used his mortgage as payment in part of the purchase-money, it is well settled that he could have set up the mortgage as against the judgment. But that is altogether a different question from the mortgagor or his grantees attempting to do so. They have no right in equity, because they do not succeed to any of the rights of the mortgagee by equitable assignment or otherwise. What the rights of Martin Goodyear would have been if he had taken an assignment of the mortgage, we need not determine. His obligation was to pay it, and he performed that obligation, and the mortgage was satisfied.

We think the decree of the district court must be

REVERSED.