C. C. KELLOGG, Appellee, v. E. E. COLBY *et al.,* Appellants.

1. **Appeal:** NOTICE: SERVICE UPON COPARTIES: JURISDICTION. Where a part only of several coparties appeal, the failure of the appellant to serve notice of the appeal upon the other coparties, as provided by section 3174, of the Code, will not affect the jurisdiction of the court to determine such questions as affect only the appellant and the adverse party.

2. **Mortgage:** ASSUMPTION BY SUBSEQUENT GRANTEE: PAYMENT: SUBROGATION. Where one purchases real estate subject to a mortgage, which he assumes and agrees to pay as part of the consideration for said property, he will not be entitled upon the payment of said mortgage to be subrogated to the rights of the mortgagee, and enforce the same against a purchaser of the property at foreclosure sale under a second mortgage.

*Appeal from Humboldt District Court.*—HON. LOT THOMAS, Judge.

MONDAY, OCTOBER 19, 1891.

BESIDES the appellant, the defendants are A. J.
Parker and Estella B. Fuller. The action is to foreclose
a mortgage on land described as "large lot 1, in
Lathrop's addition to the town of Humboldt," against
H. J. Parker, as debtor, and the other defendants as
having an interest therein. Barring one or two other
facts that we regard as unimportant, the cause was sub-
mitted on the following stipulation of facts:

"It is hereby agreed and stipulated by and between
all the parties to the above-entitled cause that the
following is a true statement of facts, and that the
same shall be used as such on the trial of said cause:
*First.* That, on the fifth day of October, 1881,
Welcome Ellis was the owner in fee simple of the
premises described in plaintiff's petition, and on that
date mortgaged the same to one S. A. Johnson, to
secure a note of the same date for two hundred and
fifty dollars, with interest at nine per cent. per annum,
due October 5, 1886, and that said mortgage was duly
recorded on the day of its date, and that Exhibits 1
and 2, respectively, hereto attached, are copies of
said note and mortgage, and that no part of the same,
principal or interest, was ever paid, except as herein-
after stated. *Second.* That, on the twenty-fourth day
of February, 1882, said Ellis mortgaged said premises
to the defendant, E. E. Colby, to secure the payment of
a note of four hundred dollars, with interest at ten per
cent., due, two hundred dollars thereof January 1,
1883, and two hundred dollars thereof January 1, 1884,
and that said mortgage contained a warranty against
all incumbrance 'except a mortgage of two hundred
and fifty dollars,' and that said mortgage to Colby was
duly recorded February 27, 1882. *Third.* That said
Ellis, on the nineteenth day of July, 1882, sold said
premises by warranty deed to Estella B. Fuller for the

sum of seven hundred and fifty dollars, and said deed was duly recorded on the thirty-first day of July, 1882, which deed was subject to the mortgage of two hundred and fifty dollars to S. A. Johnson aforesaid. *Fourth.* That said E. E. Colby sold and assigned his notes and mortgage of four hundred dollars to one Braley, who brought suit for foreclosure of the same in the circuit court of Humboldt county, Iowa, on the —— day of ——, 1883, making the plaintiff herein C. C. Kellogg, and the defendants, E. E. Colby, H. J. Parker and Estella B. Fuller and Welcome Ellis, parties defendant, and that such action was had therein that, on or about the twenty-eighth of July, 1885, judgment and decree were rendered therein in said circuit court, foreclosing said mortgage against all the defendants therein. *Fifth.* That, under and by virtue of said judgment and decree, said property was sold by the sheriff of said county on the sixteenth of November, 1885, and a certificate of sale issued to E. E. Colby, defendant herein, who purchased the same at said sale for the sum of six hundred and fifty dollars; and, on the seventeenth of January, 1887, the said sheriff made to E. E. Colby, who was still the holder of said certificate, his sheriff's deed of said premises, and the said deed was on the same day duly filed for record and recorded in Humboldt county. *Sixth.* That said judgment and decree were never reversed or set aside, and no redemption was ever made from said sale thereunder. *Seventh.* That, on the eleventh of September, 1882, said Estella B. Fuller sold said premises to C. C. Kellogg, the plaintiff herein, by warranty deed, subject to the aforesaid Johnson mortgage, payment of which was assumed by the grantee as part of the purchase price, which was eight hundred dollars, as recited in said deed. *Eighth.* That, on the eighteenth of April, 1883, said Kellogg, the plaintiff, sold said premises by full warranty deed, to the defendant, H. J. Parker. *Ninth.* That said deed from plaintiff herein to defendant, H. J. Parker,

expressed a consideration of eight hundred dollars; that no money was paid at the time of the sale, but that defendant Parker gave to the plaintiff his several notes and mortgage for the sum of six hundred and twenty-five dollars, with eight-per-cent. interest, which are the notes and mortgage sued on herein, and the exhibits attached to plaintiff's petition are copies thereof; and that defendant Parker also conveyed to plaintiff a certain town lot, which, in the trade, was called one hundred and seventy-five dollars, but which plaintiff afterwards sold for one hundred dollars. *Tenth.* That the defendant, H. J. Parker, has paid to plaintiff interest upon the notes and mortgage sued on herein as follows, to-wit: April 10, 1884, he paid fifty dollars; October 10, 1884, he paid twenty-five dollars; April 10, 1885, he paid twenty-five dollars; October 10, 1885, he paid twenty-five dollars; April 10, 1886, he paid twenty-five dollars. *Eleventh.* That said H. J. Parker, on the fourteenth of June, 1887, sold said premises to E. E. Colby by warranty deed, copy of which is hereto attached and marked 'Exhibit 5,' and to which reference is made for the recitals and covenants therein contained. *Twelfth.* That the consideration expressed in said deed from Parker to Colby is eight hundred dollars, but in truth and in fact the only consideration paid, or agreed to be paid, for said conveyance was that Colby should pay the expense of making the same, and that said Colby should pay all claims and costs thereon that should be adjudged valid on account of the notes and mortgage given by said Parker to the plaintiff Kellogg, being the notes set forth in plaintiff's petition, which agreement by said Colby was in writing. *Thirteenth.* That the actual consideration paid by the plaintiff to the defendant, Estella B. Fuller, for the conveyance mentioned in paragraph 7 hereof was as follows, to-wit: One hundred and fifty dollars ($150) was paid in cash at

the date of deed; three hundred and fifty dollars ($350) was deposited in bank by plaintiff, to be paid when all incumbrances save and except the Johnson mortgage, mentioned in paragraph 1 hereof, should be removed; and the payment of said Johnson mortgage was assumed by the plaintiff. *Fourteenth.* The plaintiff Kellogg paid the said Johnson mortgage at maturity, intending thereby to subrogate himself, and be subrogated to all the rights of the said S. A. Johnson in and to said note and mortgage, and the property covered thereby. *Fifteenth.* That, upon the conveyance (set forth in paragraph 8 hereof) by plaintiff to the defendant Parker, said Parker entered into the possession of the premises conveyed, and remained in the undisturbed possession and use of the same until January 17, 1887; but who has been in possession since that date shall be determined by evidence to be hereafter taken in this cause."

Under the facts thus stated, the plaintiff sought either a judgment of foreclosure against the defendant Parker, or that, if denied, he be subrogated to the rights of Johnson under the mortgage paid by him. The defendant Parker, by way of counterclaim, sought to recover against the plaintiff on his covenants of warranty, because of the Colby mortgage, under which Braley foreclosed, and the sheriff's deed was made to Colby. The defendant Colby pleads, as against the plaintiff's claim for judgment of foreclosure or subrogation, his sheriff's deed under the foreclosure sale, and asks to be dismissed, with costs. The defendant, Estella B. Fuller, pleads that there has been no eviction of plaintiff from the land; that the title of the defendant Colby has been conveyed to one A. E. Clark, who now has a perfect title to the land, and tenders the same to the plaintiff. The defendants, Colby and Parker, deny that the title of the land is in Clark, and not in defendant Colby, and the plaintiff asks that the

defendant Fuller be required to perfect his title, or that
he have his judgment of foreclosure against her, or
adequate relief.   The district court gave judgment dis-
missing the plaintiff's petition for foreclosure against
Parker, and gave to Parker a judgment against the
plaintiff, because of a breach of his covenants of war-
ranty, for one hundred and thirty-three dollars, decreed
the title tendered to Estella B. Fuller to perfect the
title in the plaintiff void, and gave judgment for the
plaintiff against Estella B. Fuller for forty-eight
hundred and fifty dollars and eighty-nine cents.   It
further gave judgment subrogating the plaintiff to the
rights of Johnson under his mortgage, and made the
same a lien on the land superior to defendant Colby's
title.   The defendant Colby appeals.—*Reversed.*

*A. D. Bicknell* and *P. Finch*, for appellant.

*G. S. Garfield* and *R. M. Wright*, for appellee.

GRANGER, J.—I.   There is a motion to dismiss the
appeal for the reason that the appellant had served no
notice of appeal on his codefendants,
Fuller and Parker, under the requirements
of Code, section 3174, as follows:   "A
part of several coparties may appeal; but
in such cases they must serve notice of the appeal upon
all the other coparties, and file the proof thereof with
the clerk of the supreme court."   In *Moore v. Held*, 73
Iowa, 538, it is held that the service of the notice
under said section is not jurisdictional.   It is also there
held that, where there is a failure to serve such notice
on all the coparties, this court has jurisdiction to deter-
mine such questions as affect only the appellant and
the adverse party.

1. APPEAL:
   notice:
   service upon
   coparties:
   jurisdiction.

The only question presented by the appeal is
whether or not the land now owned by the defendant
Colby is liable for the Johnson mortgage under the

judgment subrogating the plaintiff to the rights of
Johnson.   The judgments of the district court affecting
the interests of the defendants, Fuller and Parker, are
not appealed from, and hence, as to them, are conclu-
sive, and of such a character that the determination of
the question presented by the appeal can in no manner
affect them.   It is only contended that, if the deed
tendered by Fuller to the plaintiff was void, "it would
destroy all defenses of Parker based on the alleged
breach of warranty."   But Parker has not appealed,
and the decree that the deed is void is conclusive, and
we think has support in the record.   The motion to
dismiss the appeal must be overruled.

II.   The plaintiff, by purchasing the land under
an agreement to pay the Johnson mortgage as a part of
the purchase price, not only took the land
subject to the mortgage, but assumed a
personal liability to Johnson for its pay-
ment.   When Colby purchased the land
under the foreclosure judgment, the record gave to
him notice of this undertaking and obligation on the
part of the plaintiff.   It is true that Colby, when he
purchased the land at the foreclosure sale, had notice
from the record that the Johnson mortgage was unpaid,
and a prior lien, for which his land might become
liable; but he, at the same time, had knowledge of
the plaintiff's personal undertaking to pay the debt.
As between the plaintiff and Johnson, this personal
obligation never ceased until the debt was paid.   In
paying the debt, he simply paid for the land he bought
from Fuller, and which he afterwards sold to Parker
with covenants against incumbrances.   The title of the
land now vests in Colby by virtue of the sheriff's deed.
The judgment below in its effect is that, for some
reason, the plaintiff's obligation to pay the Johnson
mortgage became secondary; for the right of subroga-
tion never follows an actual primary liability.   Jones on

*2. MORTGAGE:
assumption by
subsequent
grantee: pay-
ment: subro-
gation.*

Mortgages, sec. 792; Sheldon on Subrogation, sec.26; Pomeroy on Equity Jurisprudence, secs. 707, 1212, note 1. Looking to the appellee's argument for grounds to sustain the action of the court, it is said that "the land being the primary fund, and the plaintiff being also personally held for payment, * * * he had the right to pay the mortgage, and be subrogated to Johnson's rights." Authorities are cited announcing some general principles as to subrogation, but none supporting the rule as claimed. It is not a case, as we understand, where the "land is the primary fund" for the payment. The plaintiff's personal obligation was first,—primary,—against which he could plead no excuse, and that obligation existed to the moment he paid the debt. The obligation was entirely uninfluenced by Colby's conduct or situation as to the land.

Importance is attached to the fact that the plaintiff paid the mortgage, intending to be subrogated to the rights of Johnson. But the intent so to do could avail him nothing, in the absence of a legal right to be so subrogated. His obligation was not of a character to entitle him to such a right. It will be seen, by reference to the facts, that Parker made to Colby a deed of the land June 14, 1887, and some importance is attached to that fact by the appellee; but nothing more need be said than that Colby took nothing by that deed.

The judgments in the case that are now conclusive show that the rights of Parker were lost because of the breach of the covenants of warranty by the plaintiff to Parker. Colby, as a consideration for the deed, merely agreed to pay the notes that Parker gave to the plaintiff, if adjudged valid. They were adjudged of no force because of the failure of title from the plaintiff to Parker. We are clearly of the opinion that the court erred in subrogating the plaintiff to the rights of Johnson under the mortgage. See, in support of our conclusion: *Goodyear v. Goodyear*, 72 Iowa, 329;

*Byington v. Fountain*, 61 Iowa, 512; *Massie v. Mann*, 17 Iowa, 131; *Morrison v. Morrison*, 38 Iowa, 73.   There are numerous other cases to the same effect.   REVERSED.