90   451
f110 445
90   451
124  592

## C. M. WITT v. H. O. RICE *et al.*, Appellants.

**Mortgage:** FRAUDULENT INSERTIONS: EVIDENCE CONSIDERED. A mortgagor and his wife testified that certain lands to which he had a bond for deed were fraudulently put into the mortgage, in which they were corroborated by entries and a cancellation made on the bond. The application for the loan included the land in question, and so did the mortgage for commission. The conveyancee, the mortgagee and another testified that the instrument was unchanged, which claim is borne out by its inspection. The last two also testified that the mortgagor and wife fully understood what the mortgage covered. *Held*, that defendant's claim was not established. (2)

**Subrogation:** Payment on Assumed Debt. Where one buys the equity in land held on bond for deed, agreeing to pay what is due on the bond, the land bought being also mortgaged, he can not against foreclosure of the mortgage, be subrogated ¡to the 'rights of the holder of the bond to the extent of what he has paid upon it. Assuming the bond, made what was due upon it a primary liability of the assumer, in which case there can be no subrogation. (3)

**Alienation:** Mortgaged Property. Where a part of mortgaged property is alienated, it must bear the mortgage debt *pro rata*, according to value to be ascertained without regard to improvement by the purchaser, made after the giving of the mortgage. (5)

**Same:** EXHAUSTING LAND NOT ALIENATED. When the mortgagor has no title left in the mortgaged property when the mortgage is foreclosed, the rule that unsold mortgaged property shall first be exhausted, has no application. (4)

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, FEBRUARY, 8, 1894.

ACTION in equity to foreclose a mortgage. Judgment and decree for plaintiff. Defendants appeal.—*Affirmed.*

*Flickinger Bros.* for appellants.

*Shea & Galvin* for appellee.

KINNE, J.—I. This record discloses the following facts: On December 1, 1885, the defendant H. O. Rice owned in fee the southwest quarter of section 28, the east half of southeast quarter of section 29, and east half of northeast quarter of section 32, township 76, range 41; and he held a bond for a deed of the northwest quarter of section 28, township 76, range 41, from one Adolph Graffen, which tract will hereafter be referred to as the Graffen quarter. This bond provided for the conveyance of the fee title on the payment by H. O. Rice of two thousand and fifty dollars, such conveyance to be made subject to two mortgages, aggregating one thousand, seven hundred dollars and interest, which Rice assumed and agreed to pay, making the total consideration three thousand, seven hundred and fifty dollars. December 1, 1885, there was still due on this Graffen quarter about three thousand, five hundred dollars. Rice procured a loan running to one Squire, trustee, for five thousand dollars, and executed his note therefor, secured by a mortgage upon all the real estate heretofore described, including the Graffen quarter. After this, H. O. Rice sold his equity in the north eighty acres of the Graffen quarter to his brother, T. M. Rice, who took possession, and has since occupied the land as a farm, and has paid in all about one thousand, eight hundred dollars on the purchase price, as provided in said bond, and has also made improvements of the value of several hundred dollars. May 24, 1886, H. O. Rice executed to one Clapp a mortgage for two thousand, six hundred and ninety one dollars on all the land described in the Squire mortgage, except the Graffen quarter. On September 30, 1886, H. O. Rice executed to C. D. Dillin a mortgage for one thousand, one hundred and twenty dollars on same land that was embraced in the Clapp mortgage. November 27, 1886, H. O. Rice executed to C. M. Witt a mortgage for five hundred and sixteen

dollars and forty-three cents on same land as that
included in the Clapp and Dillin mortgages.    The
Clapp mortgage was assigned to Lodge & Henry, and
by them foreclosed, and the land covered by it sold to
satisfy the judgment recovered in the foreclosure suit;
they also having become the owners, by assignment from
H. O. Rice, of all his interest in the Graffen contract,
subject to the equity of T. M. Rice in the north eighty
acres.    Lodge & Henry are not parties to this action.
March 10, 1890, and within nine months after said sale,
C. D. Dillin, as a junior lienholder, redeemed the land
from the sale under the Lodge & Henry foreclosure,
paying three thousand, six hundred and eighty-eight
dollars and fifty-seven cents to the clerk, which was
afterward paid Lodge & Henry, and the sheriff's certif-
icate assigned to Dillin.    In December, 1885, the five
thousand dollar note and mortgage made to Squire as
trustee, were sold to the Rutland Savings Bank, and it
remained the owner of them until July, 1890.    July 8,
1890, the bank began suit in the United States court
on said note and mortgage, and on August 6, 1890,
plaintiff herein purchased the same, paying therefor
five thousand, seven hundred dollars.    The case was
dismissed, and suit commenced in the state court.
Soon after this suit was begun, plaintiff released of
record from the lien of the mortgage in suit all of the
land included therein, except the Graffen quarter, and
credited upon the note two thirds of the amount then
due thereon, and asked judgment against Rice for the
balance and a decree of foreclosure against the Graffen
quarter for the one third remaining due upon the note.
H. O. Rice testifies, and the record so shows, that he
has no interest in this land.    T. M. Rice intervened in
the case, and asked, in the event that the Squire mortgage
was found to cover the Graffen quarter, that he might
be subrogated to the extent of payments made by him
on the Graffen contract, and that such payments might

be decreed to be a lien prior to plaintiff's mortgage. The court found for plaintiff, and that he should have judgment for one thousand, six hundred and fifty-one dollars and thirty-six cents, with attorney's fees, costs, and interest, against H. O. Rice, and ordered the mortgage foreclosed for said sum as against said Graffen quarter.

II. It is contended by the defendants that the Graffen quarter was fraudulently put in the Squires mortgage; that it was expressly agreed and understood between all the parties that it should not be embraced therein. Now, it is incumbent upon the defendants to establish this claim. In favor of their contention is the evidence of H. O. Rice and his wife. They are corroborated to some extent by the indorsement and cancellation made upon the Graffen bond. Against this is the testimony of Somers, who drew the mortgage, that it is just as it was drawn by him; of both the Squires that the instrument has never been changed and that Rice and his wife fully understood the mortgage, and what was described therein, when they signed and acknowledged it. Then we have the original mortgage before us, and it clearly appears that no change has ever been made in the description of property therein set forth. Again, on the same day, a mortgage was given to Squires covering the same real estate as the five thousand dollar mortgage, which second one was given for commission on the loan. The application for the loan embraced the Graffen land. It is clear that defendants have failed to establish this defense, and we must hold that the Graffen quarter section was rightfully embraced in the Squire mortgage.

III. T. M. Rice insists upon the right of subrogation as to the money payments made by him to Graffen on the eighty acres of the Graffen land purchased of H. O. Rice. The trial court dismissed his petition of intervention, and must have found that he was not

entitled to be subrogated. Authorities are cited by
counsel announcing correct principles of law applicable
to the subject of subrogation, but not applicable to the
facts as they appear in this case. T..M. Rice purchased
the land with record notice of the Squires mortgage
thereon. In law, he knew that the Squires mortgage
covered this land, subject only to the Graffen claim for
purchase money. When he made his several payments
to Graffen he had no. thought that he could or would
be subrogated to Graffen's rights. But it is immaterial
as to what T. M. Rice thought. The fact is, he pur-
chased the land of H. O. Rice. He took the latter's
place, and stood in his shoes, so far as the obligation to
Graffen was concerned, and agreed to pay this Graffen
claim as a part of the purchase price of the land; and
he did in fact pay part of it. Now, T. M. Rice, by his
agreement and acts, made H. O. Rice's debt to Graffen
his own. His obligation to Graffen became an actual
primary liability, and in such a case the right of subro-
gation does not exist. Sheld. Subr. section 26; 3 Pom.
Eq. Jur., section 1212, note 1; *Id.* section 1213; *Good-
year v. Goodyear*, 72 Iowa, 329, 33 N. W. Rep. 142;
*Kellogg v. Colby*, 83 Iowa, 513, 49 N. W. Rep. 1001.

IV. It is said that plaintiff must exhaust the three
hundred and twenty acres of land before he can pro-
ceed to sell the Graffen land under the mortgage. It
is not necessary to discuss the rule contended for. If
it be correct, still, when applied to the facts of this case,
it does not impose such a duty upon the plaintiff. The
rule contended for requires the plaintiff to enforce his
judgment by levying upon and selling land which H.
O. Rice still owns, and would permit the land purchased
by T. M. Rice to be sold for any balance remaining
after thus exhausting the other mortgaged property.
Now, this record shows that H. O. Rice has no title to
any of this land, and has not owned it for some time.
His interest therein has passed to other parties who

have become purchasers of the property. Hence it is not a case where the rule is applicable.

V. Lastly, it is claimed that the court below charged too much of the incumbrance to the Graffen quarter. Plaintiff credited two thirds of the amount due on his mortgage as paid by reason of the release by him of the half section, and asked a decree foreclosing his mortgage against the Graffen quarter section for one third of the mortgage debt. The district court found that the Graffen quarter should bear five seventeenths of the entire mortgaged debt, and entered a decree accordingly. The established rule in this state is that when mortgaged property is alienated it must bear its share of the mortgage debt *pro rata* according to value, and without regard to improvements placed thereon by purchasers subsequent to the time of the execution of the mortgage. *Bates v. Ruddick*, 2 Iowa, 423; *Massie v. Wilson*, 16 Iowa, 390; *Taylor v. Short's Adm'r*, 27 Iowa, 361; *Barney v. Myers*, 28 Iowa, 472; *Tufts v. Stanley*, 42 Iowa, 628; *Huff v. Farwell*, 67 Iowa, 298, 25 N. W. Rep. 252. Under the evidence, we think the court was justified in its finding. True, the rule in this particular case seems to work a hardship in requiring the value of the land to be ascertained without regard to the amount actually paid thereon at the time the mortgage was made. But the rule has been too long established to be set aside because in its enforcement an occasional injustice may seem to result; besides, it is doubtful if any rule could be established which would in all cases prove satisfactory. We see no reason for disturbing the judgment below, and it will be AFFIRMED.