A. R. HUBBARD v. JOSEPH LE BARRON and JAMES ROBERT-SON, Appellants.

**Subrogation:** PURCHASER OF MORTGAGED PROPERTY. Where it clearly appeared that the greater part of the consideration for the
1  purchase of mortgaged stock was a payment on the mortgage, the purchaser was not entitled to subrogation to the rights of the mortgagee as against one claiming a landlord's lien on the stock.
**SAME:** *Partial payment of encumbrance.* Where the purchaser of mortgaged property paid only a part of such mortgage debt as a consideration for the sale of the property, he was not entitled to
2  subrogation to the mortgagee's rights, since the right of subrogation exists only on full satisfaction of the incumbrance.

*Appeal from Cherokee District Court.*—HON. WILLIAM HUTCHINSON, Judge.

TUESDAY, JANUARY 30, 1900.

PLAINTIFF'S case, as he states it, arises out of the following facts: One Scott Scurlock, being the owner of certain

cattle, mortgaged them, with other chattels, to Binkley. Afterwards Scurlock moved with the cattle upon a farm which he had rented from the defendant Robertson. Some-time later plaintiff purchased the cattle of Scurlock for the sum of one hundred and seventeen dollars, of which seventeen dollars was paid to Scurlock and the remainder to Binkley, to secure the release of the latter's lien. Thereafter Robertson sued out a writ of landlord's attachment, and the cattle were taken thereunder, and are now held by Le Barron, who is a constable. The present action, which is in equity, was brought to restrain the sale of the cattle under said writ, and to enjoin Robertson from prosecuting his claim against them. There was a decree for plaintiff, and defendants appeal.—*Reversed.*

*E. C. Herrick* for appellants.

*J. D. F.* and *C. M. Smith* for appellee.

WATERMAN, J.—Plaintiff's right to succeed is dependent upon his establishing two propositions: (1) That the Binkley mortgage was superior to the claim of the landlord, and (2) that he is entitled to be subrogated to the mortgagee's rights to the extent of the payment made on the mortgage debt. The evidence is in sharp conflict on the question whether the mortgage was made before the cattle were taken upon the leased premises. The trial court must have found that it was. We may concede the correctness of this finding without any very close analysis of the facts in evidence, for our holding on the other proposition disposes of the case.

II.    The rule is that one having an interest in property, who pays off an incumbrance in order to protect his title, is entitled to subrogation. Sheldon on Subrogation, section 12; *Goode v. Cummings,* 35 Iowa, 67. But a purchaser cannot be subrogated to the benefits of an incumbrance which he has agreed to pay. Sheldon on Subrogation, section 47; *Bolton v. Lambert,* 72 Iowa, 483; *Goodyear v. Goodyear,* 72 Iowa,

329; *Kellogg v. Colby,* 83 Iowa, 513; *Witt v. Rice,* 90 Iowa, 451. We think it clearly appears that the consideration of plaintiff's purchase of the cattle consisted in great part of the payment on the Binkley mortgage. The mortgagee was not consulted in the transaction between plaintiff and Scurlock, nor did the latter request that the mortgage be paid, though he did say that a sale could not be lawfully made unless this was done. What occurred between plaintiff and Scurlock when the sale was made is thus told by plaintiff: "I did not consult Binklev, but asked Scurlock if he had a right to sell the property, and he said he had as long as the money or proceeds went to Binkley." On cross-examination he continues: "I first made arrangements with Scurlock for the purchase of the cattle. We agreed on the amount to be paid. When we had done that, he informed me about the Binkley mortgage, and I told him I would have to pay the money directly to Binkley in order to perfect my title to the cattle; and so it was agreed between Scurlock and me that the purchase money, or at least one hundred dollars of it, should apply upon the Binkley mortgage." Plaintiff's conclusion that he made the payment to the mortgagee in order to perfect his title is to be accorded no weight, for his statement of the facts shows that this payment was made in order to procure title. Scurlock disclaimed a right to sell unless one hundred dollars of the purchase price was paid to Binkey, and in pursuance of this understanding the sale was made. The testimony of Scurlock, which we do not feel called upon to set out, strengthens this conclusion. The evidence brings the case strictly within the rule of the authorities last cited.

III. There is still another reason for denying to plaintiff the right of subrogation. Binkley's debt has been only partially paid. Under no circumstances would the right claimed exist, except upon full satisfaction of the prior incumbrance. Brandt on Suretyship, section 306, and cases cited therein; Sheldon on Subrogation, sections

14, 25, 70. For the reasons given, the judgment must be REVERSED.

GRANGER, C. J.. not sitting.