JOSEPH STASTNY and IDA B. STASTNY, Appellees, v. A. J. PEASE, Appellant.

**Mortgage foreclosure:** LIENORS NOT PARTIES: REDEMPTION. A judgment creditor of a mortgagor not made a party to the foreclosure of a prior mortgage is not bound by the decree, nor obliged to redeem from the execution sale thereunder to preserve his rights.

**Junior judgment lien:** REDEMPTION. Where a mortgagor redeems from a foreclosure sale, a judgment though junior to the mortgage becomes a first lien, and a sale thereunder will pass title to the property unless redemption is made.

**Subrogation:** EQUITABLE ASSIGNMENT. The purchaser of real property has constructive notice of an existing judgment lien, and where by agreement with his grantor he discharges prior liens in part payment of the purchase price, the judgment becomes a first lien upon the property, and neither the doctrine of equitable assignment nor subrogation applies.

*Appeal from Linn District Court.— Hon. William G.
Thompson, Judge.*

WEDNESDAY, JULY 13, 1904.

SUIT in equity, in which plaintiffs seek the re-establishment of certain liens upon a lot in the city of Cedar Rapids, for subrogation to the rights of the original holders thereof, to enjoin the issuance of a sheriff's deed for said property to the defendant Pease, that a sheriff's certificate issued to him be declared to be no lien upon the property, to cancel the said certificate, and for other equitable relief. The trial court granted the relief prayed, and defendant appeals.— *Reversed.*

*C. W. Holbrook* and *Crissman & Sargent,* for appellant.

*Bingham & Mekota* and *Heins & Heins,* for appellees.

DEEMER, J.— The facts are not in dispute. It appears that the property in controversy was at one time owned by O. P. Sargent. While he was the owner thereof, and on April 6, 1895, he made a mortgage upon the same to the Perpetual Building & Loan Association to secure the sum of $250. On January 11, 1897, he made another mortgage thereon to the same association to secure the sum of $200. On January 26, 1897, the defendant secured judgment against O. P. Sargent and his wife, Agnes, for the sum of $196.07 and costs, which was a lien upon the property junior and inferior to the mortgage liens. In the year 1898 the association holding the mortgages brought suit to foreclose the same, making the Sargents, and no one else, parties defendant, and in October of that year obtained judgment against them for the sum of $322.93 and costs, and secured a decree of foreclosure. Pursuant to this judgment and decree the property was sold on November 9, 1898, to the building and loan association for the amount of the judgment and costs

and the mortgages were marked "Satisfied" on the margin
of the records, by the sale of the premises. On the 20th of
September, 1899, Sargent and his wife sold the property in
question to the plaintiffs herein for the sum of $625, and
conveyed the same to them by warranty deed. Before buy-
ing the property plaintiffs obtained an abstract of title for
the premises, but the abstracter failed to note thereon the
defendant's judgment. The property was redeemed from the
foreclosure sale in the name of Sargent, but plaintiffs fur-
nished the money — $411.31 — wherewith to make redemp-
tion, and they (the plaintiffs) also paid the county and city
taxes for the year 1898, and reimbursed the building and
loan association for taxes paid by it for the year 1899, and
also paid a poll tax for the year 1893. In all plaintiffs paid
to satisfy liens upon the property something like $528. As
defendant was not made a party to the foreclosure proceed-
ings, he was not, of course, obliged to redeem from the execu-
tion sale. But on May 9, 1902, he caused execution to issue
on his judgment, which was levied upon the property in con-
troversy, and pursuant to such levy the property was sold
at execution sale to the plaintiff in execution, the defendant
herein, for the sum of $390.44. This sale was had on the
14th day of July, 1902, and a sheriff's certificate was issued
to the defendant in accordance with his bid, and his judg-
ment was satisfied. This action, which was originally to
quiet title, was commenced on the 13th day of June, 1902,
which was after the levy of the execution under defendant's
judgment. Finding, no doubt, that they could not succeed in
their action to quiet title, plaintiffs amended their petition
by asking that they be subrogated to the rights of the orig-
inal holders of the liens against the property which they
paid pursuant to their arrangement with Sargent. The trial
court subrogated plaintiffs to the rights of these lienholders,
and found that they were entitled to prior liens on the
property amounting to $528.75; that they had expended
$200 on the property since their purchase, permitted the

defendant to redeem by paying the amount of these prior liens and the further sum of $200, expended on the property; and that upon his failure to do so within a time fixed plaintiffs might redeem from defendant by paying him the sum of $96.25, with interest, in which event defendant's sheriff's certificate should be set aside and canceled. The appeal is from this decree.

As will be observed, defendant's judgment was a lien upon the property at the time plaintiffs purchased, although,

1. MORTGAGE FORE-through the fault of the abstracter, they had no
CLOSURE: lien-
ors not parties; actual notice of said judgment. They did have
redemption.
constructive notice thereof, however, for the judgment was of record, and had been since January 26, 1897. The foreclosure suit of the building and loan association was not commenced until some time thereafter, in the year 1898, and defendant was not made a party thereto. As he was not a party, he was not bound thereby, and the foreclosure did not in any manner affect his lien.

Had Sargent himself redeemed from the foreclosure sale, and paid the taxes and other liens, there is no doubt

2. JUNIOR JUDG- that the lien of defendant's judgment would
MENT LIEN:
redemption. have immediately become a first one upon the property, and the sale thereof under execution, unless redeemed from by the owner within the statutory period, would have transferred the title to the defendant. This is hornbook law, not needing fortification by authority.

Plaintiffs contend, however, that, as they purchased the property without actual notice or knowledge of defendant's

3. SUBROGATION: lien, paid all but about $96 in satisfaction of
equitable as-
signment. other liens which were prior in point of time and right to the defendant's judgment lien, they are entitled to be subrogated to the rights of the lienholders whose debts they paid, and that in no event should defendant receive more under his sale on execution than the $96.25 which was paid by plaintiffs to Sargent. This presents the exact question in the case, and to that we now turn our attention.

Plaintiffs at all times had constructive notice of defendant's judgment. While they agreed to pay $625 for the property, they arranged with Sargent to pay off all the incumbrances, and to give him all that was left. They acquired from Sargent no greater rights or interest than he possessed, and that was simply an equity of redemption. They made the redemption for Sargent, and undertook to pay all the liens and incumbrances upon the land. They cannot plead that they had no notice of defendant's judgment, for it was of record when they purchased. They did not intend to, nor did they, purchase any of the incumbrances against the land. These they paid either as part of the purchase price or on behalf of Sargent, and if they are to suffer it is because of their own fault and neglect. The incumbrances were all extinguished, and if they are to be reinstated it will be against the express intent of all parties. There is no room here for the doctrine of equitable assignment, and we do not think the rule authorizing subrogation applies. Plaintiffs' loss is due to their own negligence, and in such cases neither law nor equity will give them relief. The case is ruled by *Ft. Dodge Co. v. Scott,* 86 Iowa, 431; *Mather v. Jenswold,* 72 Iowa, 550; *People's Savings Bank v. McCarty,* 88 N. A. Rep. (Iowa) 1076; *Alvis v. Alvis,* 123 Iowa, 546; *National Life Ins. Co. v. Ayres,* 111 Iowa, 200; *Wormer v. Waterloo Co.,* 62 Iowa, 702. This seems to be the rule in other States. *Hargis v. Robinson,* 63 Kan. 686 (66 Pac. Rep. 988); *Hayden v. Huff,* 60 Neb. 625 (83 N. W. Rep. 920); *Garwood v. Eldridge,* 34 Am. Dec. 195; *Kitchell v. Mudgett,* 37 Mich. 81; *Rice v. Winters,* 45 Neb. 517 (63 N. W. Rep. 830). Moreover, plaintiffs redeemed the property and paid the liens as part consideration for the purchase of the property. True, they did not assume them, for they were paid off before they took the deed from the Sargents, and they (the Sargents) executed a warranty deed. But they undertook to pay these incumbrances themselves as part consideration for the property. Under such circumstances they are

not entitled to subrogation. *Hubbard v. Le Barron,* 110 Iowa, 444; *Campbell v. Hamilton,* 29 S. W. Rep. 895; *Goodyear v. Goodyear,* 72 Iowa, 329; *Bank v. Thompson,* 72 Iowa, 417; *Carlton v. Jackson,* 121 Mass. 592; *Kellogg v. Colby,* 83 Iowa, 513; *Sheldon on Subrogation,* section 29; *Witt v. Rice,* 90 Iowa, 454.

Appellees insist, however, that plaintiffs did not undertake to make redemption, and to pay liens in such a manner as to make them primarily liable, and that, as they made these payments through mistake, they are entitled to be subrogated to the right of the original lienholder. True, they did not, by any agreement, written or otherwise, expressly assume these incumbrances, but they did undertake to pay and satisfy them as a part of the purchase price. Appellee's contention is fully answered by *Weidner v. Thompson,* 69 Iowa, 38. See, also, *Alvis v. Alvis, supra,* and *National Co. v. Ayres,* 111 Iowa, 205; *Dickerman v. Lust,* 66 Iowa, 446.

Plaintiffs are not, of course, without remedy. They hold a warranty deed from Sargent, and have also brought suit against the abstracter for negligence. They are not, however, entitled to subrogation for the purpose of defeating the defendant's judgment lien. They had constructive notice of defendant's judgment, and undertook to make redemption and to pay the other liens. By reason of their negligence, they are not entitled to the relief asked. If this were not so, the doctrine of constructive notice would be of little avail. They do not succeed to the rights of the building and loan association, nor to those of the county and city, for in extinguishing their liens they did no more than they promised. Sargent they would do. They have the right, however, to redeem from the execution sale on the defendant's judgment, and may exercise that right within three months from the filing of this opinion.

The case will be reversed and remanded for a decree in harmony with this opinion, or, at defendant's option, exer-

cised within twenty days from the filing of this opinion, he may have a decree in this court.—REVERSED.