## KAHN v. McCONNELL *et al.*

No. 2447.   Opinion Filed April 5, 1913.

(131 Pac. 682.)

1.  MORTGAGES—Foreclosure—Right of Junior Mortgagee. The existence of a prior mortgage in excess of the value of the land does not disentitle a junior mortgagee to a decree of foreclosure.

2.  SUBROGATION—Payment by Vendee—Junior Mortgagees. When the vendee, in payment of the purchase price of real estate, pays indebtedness secured by a first mortgage, he is not subrogated to the lien of that mortgage as against a second mortgagee whose mortgage is duly recorded at the time of purchase.

(Syllabus by Ames, C.)

*Error from Pontotoc County Court;*
*A. T. West, Judge.*   ·

Action by Leon Kahn against A. A. McConnell and others to foreclose a mortgage.   Judgment for plaintiff for his debt and for defendants on the foreclosure issue, and plaintiff brings error. Reversed and remanded.

*Bullock & Kerr,* for plaintiff in error.
*Crawford & Bolen,* for defendants in error.

Opinion by AMES, C. A. A. McConnell and A. M. Mc-Connell owned the land. There was a first mortgage on it to secure an indebtedness to the First National Bank of Roff. There was a second mortgage to secure the indebtedness of the plaintiff. The defendant Wright approached McConnell with reference to a purchase of the land. McConnell referred him to the First National Bank, stating that, if he could satisfy the bank concerning his indebtedness, he would convey the land. Wright ascertained from the bank the amount due, paid a part of it, and gave his note for the balance, which was later paid. He took McConnell's canceled notes to him, and thereupon McConnell executed a deed conveying the land to him. The plaintiff's mortgage during all these times was of record, although it may be that Wright had no actual knowledge of it.

In the suit by the plaintiff to foreclose and under these facts the court held that Wright was subrogated to the lien of the bank's first mortgage, found that the land was worth less than the amount of the first mortgage, and refused the plaintiff's prayer for a foreclosure. This was error. Under no circumstances should the plaintiff have been denied his right to foreclose. But under the facts of this case, Wright, the purchaser from McConnell, was not subrogated to the lien of the bank. The plaintiff's mortgage was of record. Wright had constructive notice of it, although it may not have been actual. It could have been ascertained by the exercise of reasonable diligence on his part in the examination of the records. He therefore bought the land charged with notice of the plaintiff's mortgage. The fact that he assumed the indebtedness to the bank and paid it did not give him the right of subrogation. In the matter of that payment he was a volunteer. He was under no duty to buy the land. He was under no duty to pay the first mortgage. He was negligent in doing so without examining the records, and cannot escape the consequence of his own negligence by an appeal to the equitable doctrine of subrogation. *"Vigilantibus non dormientibus aequitas subvenit."*

In *Campbell v. Hamilton* (Tenn. Ch.) 39 S. W. 895, it is said in the syllabus:

"The fact that a purchaser who paid a mortgage on the land as part of the consideration, and secured the release thereof, did so at the time of the purchase, made it none the less a case of assumption of the mortgage, disentitling him to subrogation."

In *Stastny v. Pease,* 124 Iowa, 587, 100 N. W. 482, it is said in the syllabus:

"The purchaser of real property has constructive notice of an existing judgment lien; and, where by agreement with his grantor he discharges prior liens in part payment of the purchase price, the judgment becomes a first lien upon the property, and neither the doctrine of equitable assignment nor subrogation applies."

The following cases support the same conclusion: *Goodyear v. Goodyear,* 72 Iowa, 329, 33 N. W. 142; *First National Bank v. Thompson,* 72 Iowa, 417, 34 N. W. 184; *Kellogg v. Colby,* 83 Iowa, 513, 49 N. W. 1001; *Hubbard v. Le Barron,* 110 Iowa, 443, 81 N. W. 681; *McDowell v. Jones Lumber Co.,* 42 Tex. Civ. App. 260, 93 S. W. 476; *Kuhn v. Nat. Bank of Holton,* 74 Kan. 456, 87 Pac. 551, 118 Am. St. Rep. 332; *Hargis v. Robinson,* 63 Kan. 686, 66 Pac. 988; *Hayden v. Huff,* 60 Neb. 625, 83 N. W. 920; *Gulling v. Washoe Co. Bank,* 24 Neb. 477, 56 Pac. 680; *Avon-by-the-Sea, etc., Co. v. McDowell,* 71 N. J. Eq. 116, 62 Atl. 865; *Demourelle v. Piazza,* 77 Miss. 433, 27 South. 623; *Browder v. Hill,* 136 Fed. 821, 69 C. C. A. 499; *Shirk v. Whitten,* 131 Ind. 455, 31 N. E. 87; *Menefee v. Marge* (Va.) 4 S. E. 726.

The rule in Ohio seems to be otherwise (*Joyce v. Dauntz,* 55 Ohio St. 538, 45 N. E. 900), while Louisiana· and Indiana seem to have decided this question both ways (*Hobgood v. Schuler,* 44 La. Ann. 537, 10 South. 812; *Abbeville Rice Mill v. Shambaugh,* 115 La. 1047, 40 South. 457; *Farmers' Bank of Mooresville v. Butterfield,* 100 Ind. 229; *Caley v. Morgan,* 114 Ind. 350 357, 16 N. E. 790).

On the case as presented by this record, the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.