CHICAGO LUMBER COMPANY, APPELLEE, v. CHARLES ANDERSON ET AL., IMPLEADED WITH MAX WINTHER, APPELLANT.

FILED APRIL 21, 1897.   No. 7239.

1. **Subrogation.** The right of subrogation must in every case rest upon some recognized subject of equitable cognizance. (*Bohn Sash & Door Co. v. Case*, 42 Neb., 281.)

2. **Mechanics' Liens:** MORTGAGES: PRIORITIES. Evidence examined, and *held* to sustain the decree appealed from.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.   *Affirmed.*

*Kennedy, Gilbert & Anderson*, for appellant.

*Bartlett, Baldrige & De Bord, contra.*

POST, C. J.

This was an action by the plaintiff, the Chicago Lumber Company, in the district court for Douglas county, to foreclose an alleged mechanic's lien upon the north 36 2-3 feet of lot 4 and the south 36 2-3 feet of lot 3, Winther's subdivision of lot 60, Oklahoma Addition to the city of Omaha. To said action Charles Anderson, who owns the legal title of the property described, his wife, Mary Anderson, Pat-

rick S. Casey and wife, Max Winther, the Mutual Invest-
ment Company, the Michigan Mutual Life Insurance
Company, the Kennard Glass & Paint Company, P. C.
Christainson, and Alexander McCargar were made de-
fendants. The allegations of the petition are, in sub-
stance, that the plaintiff company, on the 7th day of Janu-
ary, 1891, and at divers times between said date and the
30th day of May following, furnished and delivered to the
said Charles Anderson upon said premises, pursuant to a
verbal contract previously made, lumber and other build-
ing material, particularly described, of the value of
$1,045.68, and of which there remains due and unpaid a
balance of $814.53. Also, that the plaintiff, on the 2d
day of July, 1891, and within four months after the fur-
nishing of such material, filed in the office of the register
of deeds of Douglas county an itemized account thereof,
duly verified, and claiming a lien upon said premises for
the aforesaid balance. Answers were in due time filed
by the several defendants, of which that of Winther alone
calls for notice in this connection. Said defendant, after
a statement which is in effect a general denial, alleges
the execution to him of a purchase money mortgage upon
the premises by one Musselman, under date of February
28, 1887, to secure the note of the mortgagor named, in
the sum of $1,312. He further alleges that on the 28th
day of January, 1891, the defendant Anderson, who had
by *mesne* conveyances acquired title to the mortgaged
premises, represented to him that he, Anderson, was de-
sirous of securing a loan from the Mutual Investment
Company for the purpose of enabling him to improve said
property, but that he was unable to obtain such loan on
account of the aforesaid prior mortgage, then of record;
that said Anderson further represented said property to
be free from liens, except the mortgage aforesaid; that,
relying upon said statement, he accepted in lieu of the
said prior note and mortgage, on which there was a bal-
ance of $600 then due, the three notes of Anderson for
$200 each, payable in one, two, and three years after date,

secured by mortgage of even date therewith, and at the same time canceled and satisfied of record the mortgage herein first described.  The sole purpose of the transactions above noted was, as he alleges, to enable Anderson to consummate the desired loan by means of a first mortgage, and, in the language of the pleader, "his said debt remains due as aforesaid, and said mortgage given to secure its payment is a valid and first subsisting lien upon said property and each parcel thereof  *  *  * superior to any lien of the plaintiff and each and all of the defendants except the Mutual Investment Company." The district court, upon a final hearing, found generally · for the plaintiff, and by its decree adjudged the mechanic's lien above described to be prior in equity to Winther's mortgage, and from which the latter alone appeals.

As we understand the contention of appellant, it is that the transaction of January 28 amounted to no more than a mere change of the evidence of indebtedness, whereby Anderson's own obligation was substituted for the Musselman note and mortgage, which the former had expressly assumed, and that by an application of the doctrine of equitable subrogation the last mentioned security should, for the purpose of this controversy, be regarded as a continuing lien.   But the right of subrogation, it has been said, must in every case rest upon some recognized subject of equitable cognizance.  (*Bohn Sash & Door Co. v. Case*, 42 Neb., 281; *Seieroc v. Homan*, 50 Neb., 601.)   Tested by that rule, the claim of appellant appears to be without merit.   His act in releasing the prior mortgage, whether prompted by a purpose to strengthen his security by means of the contemplated improvement or a desire to accommodate Anderson, was altogether voluntary on his part.   True, it is alleged that Anderson represented the premises to be free from incumbrance aside from the Musselman mortgage.   But it is not charged that the appellant relied upon such statement; or that he was ignorant of the fact that a lien had in fact

attached in favor of the plaintiff as against Anderson by the delivery upon the premises of material exceeding $600 in value; nor is he more fortunate in his proof. There is, indeed, no evidence in the record tending to prove that the transaction in question was other than that which, upon its face, it purports to be, viz., the payment and discharge of Musselman's indebtedness and the creation of a new lien for the amount due from Anderson to appellant.   There is also another view of the transaction which is fatal to appellant's claim.   It is conceded throughout that his lien is subordinate to the mortgage of the Mutual Investment Company, and is alleged by him that the advancement by the latter was made upon the express agreement that the mortgage given therefor should be a first lien upon the premises.   It is, however, undisputed that the plaintiff had at the time in question a valid second lien thereon for the price of material previously delivered under its contract with Anderson.   It results, therefore, that appellant, by agreeing that his mortgage should be second to the mortgage of the investment company, impliedly consented that it should be subject also to the plaintiff's lien.   It follows that the decree should be

AFFIRMED.