KENT K. HAYDEN, APPELLANT, V. EDWARD T. HUFF ET AL., APPELLEES.

FILED OCTOBER 18, 1900. No. 9,186.

Subrogation: ENDS OF JUSTICE: INNOCENT PARTY. Subrogation is enforced to subserve the ends of justice, but will not be applied when it will wrong an innocent party, and where the one invoking the doctrine has been grossly negligent.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J.  *Affirmed.*

*Cobb & Harvey,* for appellant:

It is well settled that the doctrine applicable to voluntary payments has no application where the payment is made to redeem one's land from a mortgage or incumbrance.  *Rardin v. Walpole,* 38 Ind., 148; *Newell v. Hurlburt,* 2 Vt., 351; *Platt v. Squire,* 5 Cush. [Mass.], 551; *Snowden v. Dunlavey,* 11 Pa., St., 522.

*A. G. Wolfenbarger, T. F. H. Williams, A. S. Tibbets, James E. Philpott* and *Lambertson & Hall, contra.*

NORVAL, C. J.

On April 4, 1892, Kent K. Hayden, plaintiff and appellant, purchased of Edward T. Huff, one of the defendants, lots 3 and 4, block 28, in South Lincoln, for the sum of $2,200, subject to a mortgage thereon of $1,000, executed by said Huff and wife to the Union Savings Bank, which was a subsisting lien upon said real estate. The title to the lots at the time of the purchase stood in the name of C. U. Crandall, to whom Huff had conveyed the property on October 26, 1891. Crandall and wife, at the request of Huff, executed a deed to the plaintiff. Huff represented to him before the sale that the lots were free and clear of all liens and incumbrances, except said mortgage and a certain judgment in favor of the Nebraska

44

Savings Bank, and produced an abstract of title to the property showing the facts so to be. The judgment Huff procured to be released as a lien against the lots, and plaintiff, relying upon said representations of Huff and the abstract of title, paid the consideration for the lots, and subsequently, on September 28, 1892, paid off the mortgage to the Union Savings Bank, and the same was thereafter released and discharged of record. Afterwards plaintiff ascertained for the first time that in December, 1891, and during the September, 1891, term of the district court of Lancaster county, three judgments were obtained against said Huff and others, which were liens upon said lots, one in favor of the defendant, Alice A. Minick, for the sum of $621.35, besides costs, and the other two in favor of the Lincoln Savings Bank & Safe Deposit Company and George F. Wolfe, respectively. The several actions in which said judgments were obtained having been commenced prior to the September term of court, said judgments were liens upon said lots from September 21, 1891, the first day of said term, although the deed from Huff to Crandall was made prior to the rendition of the judgments, but subsequent to the first day of said term of court. *Norfolk State Bank v. Murphy*, 40 Nebr., 735; *Ocobock v. Baker*, 52 Nebr., 447. In July, 1895, an execution was issued on the Minick judgment, which was levied upon the lots in question, and the property was sold under the writ to her. This suit was afterwards instituted by Hayden to revive and reinstate the mortgage given to the Union Savings Bank, which mortgage had been paid, canceled and discharged of record; and the petitioner prayed that he be subrogated to the rights of the mortgagee. Upon the trial the court found the issues against the plaintiff, and dismissed the action. Hayden appeals.

The facts do not disclose a proper case for the application of the doctrine of subrogation, since plaintiffs' loss is attributable to his own laches. Had he been diligent and examined the records of the district court of Lan-

caster county, he would have discovered that when the property was conveyed to Crandall, suits were pending against Huff which might, as they did, ripen into judgments and become liens prior in time to the deed to Crandall. The principle of subrogation rests upon equitable grounds, and it can not be successfully invoked as a reward for negligence, or where to do so would deprive another party of his legal rights. *Rice v. Winters*, 45 Nebr., 517; *Seieroe v. Homan*, 50 Nebr., 601; *Ocobock v. Baker*, 52 Nebr., 447. A case quite similar to the one at bar is *Conner v. Welch*, 51 Wis., 431, 439, and Lyon, J., in delivering the opinion of the court, said: "The precise question is, therefore, whether, under the circumstances of the case, the plaintiff is entitled to be relieved of those satisfactions and of such agreement. Has he shown himself entitled to have them set aside, canceled and held for naught? The circuit court found (no doubt correctly) that there was no fraud or collusion on the part of the defendant Welch, the owner of the Stein judgment, and granted the relief prayed, on the sole ground that plaintiff acted in ignorance of the existence of that judgment, in the matter of the satisfaction and discharge of the mortgages. Undoubtedly the plaintiff knew nothing of the judgment, and, presumably (although he has not so testified), had he known of its existence, he would not have had the mortgages discharged, or made the contract he did with Osborne for the conveyance. But that alone is not sufficient to entitle him to have the discharged mortgages reinstated as valid liens upon the land. He must also have exercised reasonable diligence to ascertain whether subsequent liens had been put upon the property. A court of equity never relieves a man from the consequences of his own culpable negligence. Discussing the rules upon which courts of equity proceed in relieving, or refusing to relieve, against contracts made or acts done through mistake or in ignorance of material facts, Judge Story says that 'where an unconscionable advantage has been gained by mere mistake or misapprehension, and there

was no gross negligence on the part of the plaintiff in falling into the error, or in not sooner claiming redress, and no intervening rights have accrued, and the parties may still be placed *in statu quo*, equity will interfere, in its discretion, in order to prevent intolerable injustice.'" To apply the equitable principles of subrogation to the case at bar would be prejudicial to the rights of Alice A. Minick, who purchased the property in reliance upon the release and discharge of the mortgage. Subrogation is enforced to subserve the ends of justice, but never when it will wrong an innocent party and when the one invoking the doctrine has been grossly negligent or guilty of laches. The decree is right, and is accordingly

AFFIRMED.