I. A. KIRK, RECEIVER, APPELLEE, V. NELLIE E. FLETCHER ET AL., APPELLANTS: ISRAEL P. BAYNE ET AL., APPELLEES: SVEA FIRE & LIFE INSURANCE COMPANY, APPELLEE AND CROSS-APPELLANT.

FILED JULY 22, 1932. No. 28138.

*Hoagland, Carr & Hoagland,* for appellants.

*H. A. Dano,* for cross-appellant.

*Beeler, Crosby & Baskins,* for appellee I. A. Kirk.

*Halligan, Beatty & Halligan, Milton C. Murphy* and *George N. Gibbs,* for appellees Israel P. Bayne *et al.*

Heard before ROSE, GOOD and EBERLY, JJ., and BROADY and CHASE, District Judges.

BROADY, District Judge.

This proceeding is in equity, and is a consolidation of a suit in equity brought by the plaintiff, Kirk, as the receiver of the Platte Valley State Bank, to impress a claimed assignment of an interest of defendants Fletcher in a lease in public school lands; and to also recover upon two separate policies of fire insurance issued upon the same property. One of these insurance policies was applied for and issued in the individual name of the cashier of the bank, and the other was issued to a former assignee of the school-land lease. Both the insured and insurer in each of the policies are made defendants in this action. Separate actions at law had been begun by the insured upon each insurance contract and all were consolidated in this proceeding over the earnest protest of all such defendants. The defendant Nellie E. Fletcher, by cross-petition, sought to cancel the assignment of the lease and to also recover a part of the benefits of the fire insurance policies.

The controversy is the outgrowth of a contract, dated November 21, 1925, between the defendants Bayne and Fletcher for the exchange of a lease of public school land, owned by the Baynes, for a residence property in North Platte, then owned by the Fletchers. Fletchers were bound to pay a mortgage on the town property in the sum of $1,000, at the rate of $16.50 a month, and held by the Mutual Building & Loan Association of North Platte. Fletcher and his wife entered upon the school land and Bayne and wife took possession of the town property. Bayne and his wife executed an assignment of his lease to Fletchers, and Fletchers executed a deed to Bayne to the town property which, together with the contract, was delivered to the Platte Valley State Bank to be held by it in escrow to be delivered to the parties upon Fletcher paying the mortgage on the town property.

On January 20, 1926, Bayne took out a policy of fire insurance in the Franklin Fire Insurance Company, one of the defendants herein, covering the house on the school land, in the amount of $1,200.

Early in 1927 the Fletchers were in default in the payment of their mortgage, and it is claimed by the plaintiff that Fletchers and the bank entered into an oral agreement whereby the former was to trade their interest in the school-land lease in consideration of a deed to an equity in a house and lot in North Platte and $200 in cash. The plaintiff claims this contract was consummated; that the bank gave Fletchers $200 by paying the defaulted instalments on the mortgage, $125 in cash, and also a deed to the town property. He also claimed that Mrs. Fletcher executed an assignment in blank of her interest in the leased premises. Thereafter Marshall E. Scott, cashier of the bank, took out a fire insurance policy on the dwelling-house on the leased premises in the defendant Svea Fire & Life Insurance Company in the sum of $1,500. Scott, individually, was named as the insured. Thereafter the bank failed and the plaintiff herein was appointed receiver, and as such brings this action.

The dwelling-house covered by these fire policies was totally destroyed by fire on June 30, 1927. The Franklin Fire Insurance Company denied liability on its policy on the ground that Bayne, the insured, was not the sole owner, and that his real interest was not disclosed to the company. Bayne brought an action at law upon this policy, but before trial the action was dismissed by Bayne with prejudice to another action. It is admitted that the Franklin Fire Insurance Company agreed to, and did, cause the sum of $776.80 to be paid to the Mutual Building & Loan Association for the purpose of paying the mortgage on the Bayne property that Fletcher was obliged to pay. Bayne then executed and delivered to the insurance company an assignment of his interest in the school land. The insurance company, in turn, assigned the above assignment to its attorney, the defendant Halligan. By virtue of these assignments defendant Halligan, by cross-petition, by way of subrogation, claimed a lien in the school-land lease. The trial court found in Halligan's favor and gave judgment to him against Fletchers in the sum of $870.63, with interest, the amount of insurance paid with interest, and decreed to him a first lien upon the Fletchers' lease.

The defendant Svea Fire & Life Insurance Company denied liability on its policy, and Scott, individually, brought an action at law on the policy; the company defended on the ground that Scott had no title, either legal or equitable, in the premises, had no insurable interest, and that he was not the sole owner, as provided by the terms of the policy. This action was also consolidated in the present proceeding. The court found in favor of the plaintiff in this controversy and rendered judgment against the Svea Fire & Life Insurance Company in the sum of $337.87 with interest, with right of subrogation to the company against the Fletchers, and impressed the lease interest to payment thereof.

The Fletchers claim an interest in both these insurance policies, in the amount of the balances remaining after the payment of the interests of Bayne or Scott, if any, assert-

ing that the Bayne policy was taken by him in pursuance to an agreement with Fletcher, and that the Scott policy had been taken out for the benefit of Fletcher. The trial court found that Fletcher had no right or interest in either policy. This finding is amply supported by the record, and is affirmed.

The court found the following items due to the respective parties against the Fletchers and held that the same in each instance constitute a lien on the interest of the Fletchers in the school-land lease in the order named: (1) Due to Halligan $870.63, with interest, as a first lien; (2) due to Svea Fire & Life Insurance Company, by order of subrogation, the amount that the company was held liable for to Scott, $342.30, with interest, as a second lien; (3) due plaintiff, as receiver, for money advanced under the void assignment, the sum of $284.69; and (4) due the plaintiff the sum of $92.86 under the claimed oral agreement with Mr. Fletcher for crop growing arrangements. Each of which were declared to be a lien upon the Fletchers' interest in the leased premises, and after satisfaction of the above the Fletchers had a homestead interest in the premises of the value of $2,000 which is to be satisfied after the payment of the previous judgments.

As to the findings and judgment upon the Scott fire insurance policy in the Svea Fire & Life Insurance Company this court is convinced that at the time the insured, Scott, had no interest of record or in equity in the premises, and therefore had no insurable interest. On the face of the policy Scott claimed the interest of an insured in his personal capacity. "A contract of insurance is a contract of indemnity, and any person attempting to enforce a claim under such a contract must show an interest in the subject-matter of the contract." *Bassett v. Farmers & Merchants Ins. Co.*, 85 Neb. 85. Wherefore that part of the decree awarding the plaintiff (the bank) a recovery against the Svea Fire & Life Insurance Company is reversed and that action dismissed on condition that the insurance company return the premium paid by Scott in the

sum of $18.75. Likewise the lien in favor of that company against the Fletcher interest in the leased premises is canceled and dismissed.

As to the controversy growing out of the fire insurance policy issued to Bayne by the Franklin Fire Insurance Company, the facts which have been heretofore stated are, briefly, as follows: Bayne originally owned the school-land lease. This he traded to Fletcher who agreed to pay a mortgage of $1,000 on the property. In order to protect himself Bayne took out this fire insurance policy in the sum of $1,200. Upon the loss and destruction of the property by fire the insurance company first denied liability on the policy but later agreed upon an amount to be paid the insured, or for his benefit, by paying off the mortgage. As stated in the case of *Bassett v. Farmers & Merchants Ins. Co., supra,* "A contract of insurance is a contract of indemnity." The insurance company contracted to indemnify Bayne to the extent of his loss in the event the property should be destroyed by fire. This was wholly a matter of contract between the company and Bayne in which no other person was concerned or obligated. Bayne paid the price fixed by the company, in consideration of which the company promised to indemnify Bayne against loss. The company denied liability on the policy but later, by agreement, the suit was dismissed. The company gave Bayne $776 with which the mortgage on his town property was paid.

The company claims the right of subrogation to all of Bayne's rights in the school-land lease which the Fletchers now own. "The right of subrogation exists in favor of a creditor who has paid the amount of a mortgage or other incumbrance in order to protect his own subordinate lien, or when as the holder of such subordinate lien he has, through mistake or inadvertence, satisfied a prior lien upon the property covered thereby. The right of subrogation must in every case rest upon some recognized principle of equity jurisprudence, such as a mistake of fact, an agreement or understanding that the money advanced

was for the express purpose designated, or the like." *Seieroe v. Homan*, 50 Neb. 601. "The right of subrogation must in every case rest upon some recognized subject of equitable cognizance." *Chicago Lumber Co. v. Anderson*, 51 Neb. 159. And also: "While subrogation is not founded on contract, and is a creation of equity, existing solely for accomplishing the ends of substantial justice, there must in every case where the doctrine is invoked, in addition to the inherent justice of the case, concur therewith some established principle of equity jurisprudence, as recognized and enforced by courts of chancery." *Meeker v. Larsen*, 65 Neb. 158. The last case is cited in 25 R. C. L. 1314, sec. 4, in support of the following statement: "Subrogation being of equitable origin * * * it is only when an applicant has an equity to invoke and where innocent persons will not be injured that a court can interfere." See, also, *Hayden v. Huff*, 60 Neb. 625. By entering into this insurance contract the Franklin Fire Insurance Company voluntarily, for the consideration of the premium, agreed to indemnify Bayne against loss of his interest in the property; there was no compulsion upon the insurance company to undertake that obligation. It seems to this court that as far as the claim of subrogation in this matter is concerned the rule announced in *Rice v. Winters*, 45 Neb. 517, directly applies, that is to say: "The right of subrogation is never accorded in equity to one who is a mere volunteer in paying a debt of one person to another." And so believing, we hold that that part of the decree awarding subrogation to the Franklin Fire Insurance Company, and by assignment to the defendant Halligan, is erroneous and the same is reversed and the lien granted therein to the defendant Halligan is hereby canceled.

Some time early in 1927 Fletchers had fallen in default in the monthly payments to the building and loan association on its mortgage, and while it is disputed by the Fletchers, the bank claims that in order that Fletcher could save something out of the wreck they entered into an oral agreement with the bank, through its president, whereby the

Fletchers were to execute an assignment of their interest in the school-land lease to the bank, for which the bank was, by deed, to transfer its equity in certain town property in North Platte together with $200 in cash. The bank claims that it gave to the Fletchers $125 in cash and paid several past-due installments on the building and loan mortgage for the benefit of Fletcher, and further claims that the bank executed a deed to the town property which was delivered to Mrs. Fletcher who recorded the same. The bank also claims that Mrs. Fletcher in her own name signed an assignment, in blank, to her interest in the school-land lease. This Mrs. Fletcher denies, stating that she never did sign such an assignment, and she further asserts that the premises were, at the time, the homestead of the Fletchers and that the purported assignment upon which the plaintiff claimed title to the school-land lease was void, as not having been executed in conformity to the statutes for the transfer of such a lease.

Upon this issue the court found in favor of the plaintiff and found that the assignment was executed by James Fletcher, husband, as agent, and with the knowledge and consent of his wife, and further found, as a matter of law, that the agreement and assignment was void, but found in favor of the plaintiff as against Fletchers and that there was due the plaintiff for moneys advanced under the agreement the sum of $284.69 and impressed the same as a lien upon the interest of the Fletchers in the school-land lease. Disposing of the conclusion as found on this question it is sufficient to say that the evidence on this dispute is very conflicting. There is evidence in support of a finding either way, depending upon the credibility of the witnesses as the trial court might have been impressed from the advantage of personal observation of the witnesses while testifying. We agree, however, with the trial court that the purported assignment, if executed, was not executed in conformity with the express requirements of the statute, and for that reason we hold that the same is void. The finding of the trial court that the bank had advanced and

expended for the Fletchers under such void contract the sum of $284.69 and also the sum of $92.86 is affirmed, and that the bank should have judgment against Fletchers for that amount, but cannot agree that the same constituted a lien on the property other than such a lien as the ordinary judgment would acquire. To that extent the decree of the district court is reversed.

The bank, through the plaintiff, its receiver, also claimed that the Fletchers, who remained on the premises after the purported assignment, did so as tenants of the bank under an agreement whereby the bank was to furnish crop seed to Fletchers and that they were to divide equally the proceeds from the crop. As to this claim Fletcher denies any such agreement, denies that he ever surrendered possession of the property, and claims that he entered into a personal agreement with the bank, through its president, for the advancement of such moneys in the nature of a personal loan to be paid after he had harvested his crop. Among the items in this dispute are $60.50 for the erection of a windmill and other payments in the amount of $92.86, which the bank claims it put upon the premises as owner, while Fletcher claimed that the payments were made in the nature of a personal loan to him. Upon this item the court held in favor of the bank in the sum of $92.86. We think the finding on this last item is correct save and except there is no basis for holding the same to be a lien upon the premises. It was an obligation upon an oral agreement only, therefore the decree is reversed so far as attaching a lien for payment of the debt.

For the reasons above stated, (1) the decree of the district court is hereby reversed as to the judgment in favor of Halligan and the lien therefor is vacated and dismissed; (2) the judgment in favor of the Svea Fire & Life Insurance Company, growing out of its fire insurance policy to Scott, is reversed and the lien issued thereon is vacated and dismissed; (3) the judgment rendered in favor of the plaintiff in the sum of $92.86, also one in favor of plaintiff in sum of $284.69, is affirmed as a personal judgment

against the defendants Fletcher, and the liens applied under these two findings are vacated and dismissed; (4) the finding of the trial court on the homestead rights of the Fletchers in the leased property is affirmed and the cause remanded to the district court, with directions to enter a decree in conformity herewith.

JUDGMENT ACCORDINGLY.