FEDERAL LAND BANK OF OMAHA, APPELLEE, V. RALPH M.
WORLEY ET AL., APPELLEES: OMAHA NATIONAL BANK,
TRUSTEE, ET AL., APPELLANTS.

282 N. W. 476

FILED NOVEMBER 26, 1938. No. 30402.

*Kennedy, Holland, De Lacy & Svoboda, Edwin C. Cassem*
and *Anson H. Bigelow,* for appellants.

*William H. Hein, Philip M. Wellman, Franklin L. Pierce,
Philip N. Johnston, Mitchell & Gantz* and *Donald E. Williams, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and
MESSMORE, JJ.

ROSE, C. J.

This is a suit in equity commenced by the Federal Land Bank of Omaha, plaintiff, to foreclose a 6,000-dollar mortgage as a first lien on 1,092.57 acres of land in Box Butte county. Plaintiff is mortgagee and Ralph M. Worley and Edith Worley, husband and wife, are mortgagors and defendants. Others claiming an interest in, or lien on, the mortgaged land are also defendants.

When Thomas Dean owned this land, he sold it to Guy L. Worley and took from the purchaser and the latter's wife, Nell Worley, April 7, 1917, a 12,000-dollar mortgage thereon, payable April 7, 1927, for part of the purchase price. In 1917 or 1918, Ralph M. Worley, defendant, purchased from his brother, Guy L. Worley, the title to the land and assumed the purchase-money mortgage of $12,000 thereon.

With this mortgage in favor of Thomas Dean unpaid, Dean willed his property to the United States Trust Company of Omaha in trust for testator's three sisters and one brother. The trustee was directed to pay the income from the estate of testator to a sister, Maria Lund, during her life, and at her death to divide the residue, when reduced to cash, among two other sisters and testator's brother. The will was duly probated in the county court of Douglas county May 10, 1923. The nominees named in the will for executors and the trustee selected by testator declined to serve, and George H. Merten, attorney, under court order, became administrator with the will annexed. He was also appointed trustee for the beneficiaries under the trust created by the will. He made his final report as administrator and procured the discharge of himself and his surety in the county court of Douglas county without accounting for the 12,000-dollar mortgage then unpaid. Maria Lund died in 1931.

For a recited consideration of $3,500 Thomas Dean by formal written instrument without limitation, filed of record, had assigned the $12,000 mortgage to the Alliance National Bank August 3, 1922, and the latter, "for value received," transferred "all its rights, title and interests"

therein to Sam Riseman by formal writing, also recorded.

In lieu of the unpaid Dean-Worley purchase-money mortgage for $12,000, which Ralph M. Worley assumed, the latter and his wife executed and delivered two mortgages on the same land, one for $6,000 and the other for $5,000. The first of the two was payable to the Federal Land Bank of Omaha, mortgagee, plaintiff. It paid the borrowed money or the net proceeds of this loan, $5,650, September 21, 1925, to George H. Merten for Sam Riseman by direction of mortgagors. This is the mortgage which plaintiff seeks to · foreclose herein. The mortgage for $5,000 was dated August 1, 1925, and was payable in 10 annual instalments of $500 each with interest to Sam Riseman, who, "in consideration of the payment of the debt," released and satisfied of record, October 2, 1925, the 12,000-dollar mortgage.

In a former suit in equity, the Dean heirs and the beneficiaries under the trust created by the probated will of Thomas Dean, deceased, recovered in the district court for Douglas county a judgment setting aside the discharge of George H. Merten as administrator and his surety and requiring Merten to account for $8,315.15 lost to the Dean estate through his neglect and fraud. Judgment therefor was entered against him. *Reilly v. Merten,* 125 Neb. 558, 251 N. W. 114. As trustee, Merten was succeeded by the Omaha National Bank, defendant.

The Federal Land Bank, plaintiff, pleaded that the mortgage for $12,000 was paid and released of record and that its 6,000-dollar mortgage was the first lien on the land described therein. Defaults in payments were alleged in the petition of plaintiff and there was a prayer for foreclosure.

All necessary parties were brought into court. Defendants Worley filed a general denial.

The Omaha National Bank, defendant, trustee, and the beneficiaries of the Dean trust, by answer and cross-petition, alleged in effect that the 12,000-dollar mortgage was part of the trust estate; that it was assigned by Thomas Dean to the Alliance National Bank as collateral security for a note for approximately $3,000; that, subject to this

pledge, the mortgage belonged to the Dean estate or the beneficiaries of the trust; that the assignment to Riseman was procured by the fraud of Merten and Riseman; that the release of the mortgage belonging to the Dean estate and the subsequent mortgages to plaintiff and Riseman were procured by Merten and Riseman for the purpose of defrauding the Dean heirs for whom Merten had been trustee; that plaintiff and the defendants Worley were chargeable with knowledge of the fraud and with bad faith in their negotiations; that, in an accounting required by all the fraudulent transactions, the purchase-money mortgage be reinstated and foreclosed as a first lien for the amount due the beneficiaries of the Dean trust.

The principal issues in the controversy were the good faith of plaintiff in lending the Worleys $6,000 on their mortgage and the good faith of the Worleys as participants in the refinancing of the 12,000-dollar mortgage on their land by the execution and delivery of the two subsequent mortgages aggregating $11,000.

Upon a trial of the issues herein, the district court decreed foreclosure of plaintiff's 6,000-dollar mortgage as a first lien for unpaid principal and interest amounting to $8,433.83; decreed foreclosure of the 5,000-dollar mortgage as a second lien for unpaid principal and interest amounting to $3,489.08 owing to the Omaha National Bank, present trustee, and the beneficiaries of the trust created by testator in his will; decreed the dismissal of the cross-petition of the same trustee and beneficiaries for the foreclosure of the 12,000-dollar mortgage.

The Omaha National Bank, trustee, and the beneficiaries of the trust appealed to the supreme court, insisting that the purchase-money mortgage for $12,000, subject to the assignment by Dean to the Alliance National Bank as collateral security for his unpaid debt of $3,093, was the property of the Dean estate or of the Dean heirs; that the assignment to Riseman was fraudulent and did not transfer to him the interests of the Dean heirs; that Riseman's release of the mortgage was also fraudulent and did not dis-

place the prior lien; that the facts, transactions and circumstances in evidence were such as to charge plaintiff and the Worleys with knowledge of the fraud and to disprove their pleas of good faith in their transactions with Merten and Riseman in dealing with trust property.

On appeal the trustee and beneficiaries invoke the rule that fraud vitiating the transfer of unmatured negotiable paper secured by mortgage may be shown by circumstances proving that transferee took the paper in bad faith. Comp. St. 1929, secs. 62-402 to 62-406; *Western Union Life Ins. Co. v. Mayhew, ante,* p. 6, 280 N. W. 250. The following circumstances in evidence are cited to prove bad faith of plaintiff in lending the Worleys $6,000: Assignment of the note and first mortgage for $12,000 as collateral security for the 3,500-dollar note to the Alliance National Bank and assignment to Riseman of that bank's "rights, title and interests" only; offer of $8,500 to Merten for the note secured by the 12,000-dollar mortgage; Merten without county court's authority to sell the Dean-Worley note; check of plaintiff for the proceeds of the 6,000-dollar loan and mortgage payable to Merten personally, not as administrator.

Other evidence of circumstances indicates fraud perpetrated by Merten, neglect, betrayal of trust and conversion of trust funds.

The only benefit accruing to the Dean estate or to the Dean heirs from the Worley mortgages through the transactions in which Merten participated was the discharge of the debt of $3,093 owing by the Dean estate to the Alliance National Bank and this transaction was essential to the consummation of the fraud perpetrated. The neglect and fraud of Merten as administrator, trustee, or attorney at law resulted in two complicated suits in equity in the district court for Douglas county, in two appeals to the supreme court of Nebraska and in perplexing litigation in federal courts of Montana. The present record is burdened with evidence of former litigation in efforts to redress wrongs perpetrated by the trusted officer of the courts. No one would deliberately assume such hazards without some

plan to escape detection. Fraud may deceive the innocent and the vigilant and the resulting loss may fall upon others who are honest and without fault. Loss caused by fraud is not always fully restorable in equity. In the present case there are also circumstances indicating good faith of plaintiff and the Worleys.

The Federal Land Bank, plaintiff, was engaged in the business of lending money. The application for the loan and subsequent negotiations therefor were regular. Plaintiff exacted an abstract showing title in the Worleys. When Merten received for Riseman the check of plaintiff for the 6,000-dollar loan to the Worleys, the abstract and the public records showed that the title to the land was in the Worleys; that Riseman had become the holder of the 12,000-dollar mortgage and had satisfied it of record as paid; that counsel in good standing had examined the abstract and in effect advised plaintiff its loan of $6,000, if secured by mortgage, would be the first lien. Plaintiff and the Worleys relied on the public records. There is direct evidence that they were without knowledge of the fraud and that they acted in good faith. If so acting, they had a right to contract for the reduction of the purchase-money mortgage to liens aggregating $11,000. At that time no part of the principal of the 12,000-dollar mortgage had been paid by the Worleys to the Dean estate or to the beneficiaries of the trust. The purpose of Merten to appropriate to his own use the proceeds of plaintiff's loan, if a fact, was not then known. It was a natural inference that as administrator or trustee or attorney he would perform his duties in those capacities. Owners of notes and mortgages may lawfully sell them for less than their face value. The fact that the assignment from the bank to Riseman recited only "rights, title and interests" of assignor transferred was not necessarily a warning to look out for fraud, since the public record showed Dean's transfer of the entire mortgage to the Alliance National Bank was without reservation.

Dean himself made fraud and loss possible by failing to limit his assignment to its real purpose—collateral security for his note. The pertinent rule of equity is:

"Where one of two innocent persons must suffer a loss occasioned by the wrongful act of a third person, the one who made it possible for the third person to commit the wrongful act should bear such loss." *Nebraska State Bank v. May,* 117 Neb. 262, 220 N. W. 276; *First Trust Co. v. Danielson,* 132 Neb. 141, 270 N. W. 680.

The preponderance of the evidence is that Merten, in connection with the fraudulent transactions in which he participated, acted as administrator or trustee or attorney and that plaintiff and the Worleys understood he acted in a representative capacity.

Circumstantial evidence may be as effective to prove good faith as to prove bad faith in transfers involving unmatured negotiable notes and mortgages securing them. On the whole record, considered from every standpoint, the preponderance of the evidence proves that plaintiff and the Worleys acted in good faith in the transactions resulting in the execution and delivery of the 6,000-dollar mortgage and that it is the first lien on the Worley land.

The appeal presents another problem. The beneficiaries of the Dean trust pursued Merten's surety, the Southern Surety Company of New York, in federal courts of Montana, attached bonds of the surety there and received $7,500 in partial settlement of that litigation. Louis H. Pink, liquidator of Merten's surety, intervened in the suit at bar and, to the extent he had restored to the Dean heirs the amount of his payment to them, prayed for subrogation to their rights in the mortgage for $12,000 or, in the alternative, to the rights of the Dean heirs in the 5,000-dollar mortgage payable to Riseman.

The district court found there was no equity in the plea for subrogation and dismissed the petition of intervener. From that order he appealed.

The surety was not entitled to subrogation. "The right of subrogation must in every case rest upon some recognized subject of equitable cognizance." *Chicago Lumber Co. v. Anderson,* 51 Neb. 159, 70 N. W. 919. As already determined, the Dean heirs had no interest in the released

mortgage which they could enforce against the innocent Worleys. The surety, therefore, could not acquire by subrogation an interest or right not formerly possessed by the Dean heirs. *American Surety Co. v. School District,* 117 Neb. 6, 219 N. W. 583. No part of the debt owing to the Dean heirs under the Riseman mortgage was paid by the surety and the equity essential to subrogation had no existence.

Prejudicial error in the proceedings and judgment below has not been found.

AFFIRMED.