## OWEN v. INTERSTATE MORTGAGE TRUST CO.

No. 10588—Opinion Filed May 9, 1922.

Rehearing Denied Dec. 12, 1922.

(Syllabus.)

1. **Judgment — Assignment — Requisites.**

No formal deed of assignment is necessary to transfer the title to a judgment. The assignment may be made by parol or in writing, and however made, passes an equity which the courts will recognize.

2. **Same—Necessity for Notice.**

There is no statute in this jurisdiction, and we know of no rule of equity, requiring notice of the assignment of a judgment to be given to any particular person in any particular manner.

3. **Same—Mortgages—Priorities of Liens.**

Record examined, and held: (1) That in the circumstances of this case the plaintiff in error was under no obligation to give the defendant in error any further notice of the assignment of the judgment involved herein than was afforded by the record. (2) That the evidence fails to show any negligence on the part of the plaintiff in error that would entitle the defendant in error to the relief prayed for and granted.

4. **Subrogation — Loan to Pay Mortgage— Failure to Take Assignment of Mortgage.**

One who, having no interest to protect, voluntarily loans money to a mortgagor for the purpose of satisfying and canceling a prior mortgage, taking a new mortgage for his own security, cannot have the former mortgage revived and himself subrogated to the rights of the mortgagee thereon where he has failed to take an assignment of the prior mortgage and has voluntarily paid and discharged the same of record.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by the Interstate Mortgage Trust Company to foreclose real estate mortgage; William Owen claiming first lien on the real estate as assignee of a judgment abainst mortgagors. Judgment for plaintiff, and Owen brings error. Reversed, and cause remanded, with directions.

R. W. Stoutz, for plaintiff in error.

Gibson & Hull and W. A. Disch, for defendant in error.

KANE, J. This was an action upon a promissory note and to foreclose a mortgage, and the only question involved in this proceeding in error is whether the plaintiff in error is entitled to a first lien on the real estate described in the mortgage as as-

signee of a prior judgment, as against the claim of defendant in error, who claims a first lien as a mortgagee.

The facts necessary to determine this question may be briefly summarized as follows: John Johnstone and Barbara M. Johnstone were the owners of the land on which the respective parties claimed a first lien. It is conceded that William Owen, the plaintiff in error, is the record owner and holder, by assignment, of a certain judgment rendered against the Johnstones in favor of J. S. Marshall and R. S. Marshall, which judgment is prior in time to defendant in error's mortgage.

After the rendition of this judgment an order of sale was issued, to which the sheriff made a return substantially as follows:

"I received the within order of sale on the 5th day of March, 1912, and as therein ordered and commanded, I have levied upon, appraised, and advertised for sale according to law the property in controversy and afterwards on the day of sale the sum of $331.42 was paid into this office by John A. Connolly, which amount covers the judgment, interest and costs as shown herein, with the understanding that said judgment be assigned to him; and I return this order of sale wholly unsatisfied."

Subsequently, Connolly assigned the judgment to the plaintiff in error, William Owen. Subsequently the defendant in error executed the mortgage under which it claims a superior lien without having actual notice of the judgment or the assignment thereof. Shortly after the execution of this mortgage the defendant in error discovered the actual existence of the judgment, but not of the assignment, although it was charged with constructive notice thereof, and thereupon procured the attorney of record for the original judgment creditors to release the same of record as follows: "This judgment paid and hereby is satisfied in full. Enloe V. Vernor, Attorney for J. S. Marshall et al." It was further agreed and proven that at the time the entry of satisfaction was made by Mr. Vernor, no money was paid to him and that his action was the consequence of a conversation at that time held between said Vernor and one of the original plaintiffs in the mechanic's lien case in which the judgment was rendered.

It was further stipulated between the parties that a large part of the loan secured by the mortgage was used by the agents of the mortgage company in paying off prior mortgages and some taxes due on the property by the mortgagors, the Johnstones, and that it was the understanding and agreed purpose between said Johnstones, mortgagors, and the plaintiff, Interstate Mortgage Trust Company, at the time the mortgage sued on was made, that the funds borrowed and secured thereby should be used so far as necessary and permissible to satisfy and cancel said taxes and the two prior mortgages, for which said funds were paid and furnished by the plaintiff to the agents of the mortgage company.

The trial court decided the case in favor of the defendant in error, holding that in the circumstances its mortgage constituted a superior lien to the judgment lien of the plaintiff in error, and rendered judgment accordingly, to reverse which this proceeding in error was commenced.

The case was tried below and is presented in this court upon the theory that the plaintiff in error owed the defendant in error the duty of giving it notice of the assignment of the judgment by making a note of such assignment on the margin of the judgment record, and that failure to give such notice constituted such negligence on the part of the plaintiff in error as entitled the defendant in error to the relief prayed for and granted.

We are unable to agree with this contention.

No formal deed of assignment is necessary to transfer the title to a judgment. The assignment may be made by parol or writing, and however made, passes an equity which the courts will recognize, 15 R. C. L. sec. 227. Likewise there is no statute in this jurisdiction, and we know of no rule of equity, requiring notice of the assignment of a judgment to be given to any particular person in any particular manner. Generally, notice of the assignment of a judgment should be given to the judgment debtor, unless it clearly appears that he has knowledge of the transfer; the penalty for failure to give such notice being that the assignment takes effect subject to equities which may accrue after the assignment but before notice of the same has been received. Under this rule a judgment debtor is protected if, without notice of the assignment, he pays the judgment of the assignor. 15 R. C. L. sec. 228. Buckeye Refining Company v. Kelly, 163 Cal. 8. And it has been held that down to the moment of notice, any contract which a debtor makes with his creditor, who has assigned his claim, by

which the debt is extinguished, either in whole or in part, is binding and valid against the assignee. 15 R. C. L. sec. 228.

We are unable to perceive, however, any equitable grounds upon which to extend this doctrine of notice to a prospective mortgagee in the circumstances disclosed by the record before us.

This mortgagee was charged with constructive notice of the existence of the judgment, and where notice of an assignment may, under unusual circumstances, become material to persons in this situation, it would not be asking too much of them to require them to pursue the inquiry to the extent of finding out the exact state of the record, providing, as in the case at bar, such information may be gleaned by an examination· of the record.

In the case at bar the defendant in error executed its mortgage without making any examination of the record whatever. If it had examined the record at all, it is highly probable that it would have discovered that an execution or an order of sale had been issued, and this no doubt would have led them to examine the return of the sheriff in order to learn what had become of the order of sale.

In these circumstances it was the negligence of the defendant in error and not of the plaintiff in error that caused the mishap. Whatever real injury there was accrued at the moment the mortgage was executed, and the only injury the lack of actual notice of the assignment could possibly cause the defendant in error was the time and labor it lost in calling upon the original judgment creditor instead of the assignee to release the judgment. In these circumstances it is fairly obvious that the mortgage company was not injured by any act of omission on the part of the plaintiff in error.

Neither Owen nor Connolly did anything or said anything to the prejudice of the mortgage company and it parted with nothing for the release. Indeed it did not make its mortgage trade on the faith of the record, for it actually executed the mortgage and had it recorded before learning of the judgment or taking steps to get the cancellation. And there is no merit in its claim of subrogation. It was stipulated, as we have seen, that the money borrowed on the mortgage sought to be foreclosed was to be used to pay off certain taxes and to cancel the prior mortgages. It always requires something more than mere payment of the debt in order to entitle the person paying the same to be substituted in the place of the original debtor.

The rule seems to be well settled that one who, having no interest to protect voluntarily loans money to a mortgagor for the purpose of satisfying and canceling a prior mortgage, taking a new mortfor his own security, cannot have the former mortgage revived and himself subrogated to the rights of the mortgagee thereon where he has failed to take an assignment of the prior mortgage and has voluntarily paid and discharged the same of record. 37 Cyc. 468-471. Kahn v. McConnel, 37 Okla. 219, 131 Pac. 682, is a case strikingly in point in principle.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to give the plaintiff in error a first lien on the proceeds of the mortgage sale.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.