ROBBINS v. PEELER.

No. 30686.   Jan. 26, 1943.

Rehearing Denied Feb. 16, 1943.

Second Rehearing Denied March 2, 1943.

*134 P. 2d 350.*

H. A. Johnson, of Perry, for plaintiff in error.

Paul W. Cress, of Perry, for defendant in error.

RILEY, J.  H. C. Peeler, as plaintiff, in the district court of Noble county, sought and obtained a judgment against C. E. Robbins for the recovery of certain personal property, or in lieu thereof, the value of the same, which was fixed in the amount of $302.50, and costs.

The cause of action in the district court was based upon the wrongful taking of personal property from the plaintiff under order of attachment issued June 20, 1939, at the instance of defendant Robbins, out of the justice of the peace court, district No. 6, Noble county, Okla. H. C. Peeler was a nonresident at the time of the attachment order. Previously he had operated a cream and produce business in Noble county. Robbins sought to base an action against Peeler upon a claim of debt.

124

The validity of the judgment rendered is dependent upon whether or not the order of attachment was void. After a careful review of the record, we are convinced of the invalidity of the order of attachment. The order shows it was issued one day prior to the filing of a bill of particulars in the action. Likewise, it was issued in the total absence of a summons in the pretended cause of which it was an ancillary part. While it is true, the attorney, H. A. Johnson, sought in the trial of the cause below to establish and sustain by his testimony the fact of issuance of a summons in the justice of the peace court, he failed to establish that fact. The files and the docket of the justice court failed to make mention or to show the issuance of a summons. This we appreciate is negative evidence, but from the returns made to the attachment order and by the terms of an affidavit filed in connection with a publication notice, it appears that movant, knowing that Mr. Peeler could not be found within the jurisdiction, erroneously deemed that summons was not required to be issued. The trial court was justified in concluding, and we are convinced, that no summons was issued. 39 O. S. 1941 § 328; Bilby v. Jones, 39 Okla. 613, 136 P. 414.

It is provided by statute, 39 O. S. 1941 § 323, that "the order of attachment may be made to accompany the summons, or at any time afterward before judgment. . . ." An order of attachment may not be legally issued prior to the commencement of the action of which it is a part. "Actions before justices of the peace are commenced by summons, or by appearance and agreement of the parties, without summons." 39 O. S. 1941 § 101. Herein there was neither, and the order of attachment, being prematurely issued, was void.

Under these facts and the pleadings, there was no necessity of consideration in the trial court of the plaintiff in error's counterclaim or setoff.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and WELCH, HURST, and ARNOLD, JJ., concur. OSBORN, J., concurs in conclusion. BAYLESS and DAVISON, JJ., absent.