## ROBBINS v. MID-WEST CREAMERY CO.

No. 31822. Oct. 2, 1945.

Rehearing Denied Oct. 23, 1945.

*162 P. 2d 541.*

H. A. Johnson, of Perry, for plaintiff in error.

Cress & Rosser, of Perry, for defendant in error.

RILEY, J. This is an appeal by C. E. Robbins from a judgment of the district court of Noble county sustaining an interplea of Mid-West Creamery Company.

On March 22, 1943, after final judgment in Robbins v. Peeler, 192 Okla. 123, 134 P. 2d 350, Robbins paid the principal amount of the judgment, $334.27, to Emmett Rosser, an attorney for Peeler. Thereupon Robbins sued Peeler in the justice court on an account

for work and labor, and garnishment process was served upon Rosser.

Theretofore, on September 17, 1941, Peeler had made written assignment to Mid-West Creamery Company of a half interest in the Peeler-Robbins judgment for the purpose of securing and paying money owed.

The garnishee answered setting forth $67.14 only as due to Peeler out of the amount of the judgment paid. The sum of $167.14 was claimed as an attorney fee earned in obtaining the judgment and no issue was joined upon that item. $100 was alleged to be due Mid-West Creamery by virtue of its assignment. The Creamery Company intervened, pleaded its assignment, and alleged payment of intangible tax on Peeler's indebtedness to it.

From an adverse judgment Mid-West Creamery Company appealed to the district court, where a judgment followed the verdict of a jury.

For reversal, it is urged that as to Robbins, a creditor of Peeler, the instrument, by which an interest in the judgment was assigned, being given as security for a debt, amounted to a chattel mortgage and by failure to show that it had been recorded as the statute, Title 46, O.S. 1941, § 57, requires to afford validity to a chattel mortgage as against creditors of the mortgagor, encumbrancers, or purchasers in good faith, the assignment is void.

Plaintiff in error relies upon Thompson v. Crosby, 16 Okla. 316, 82 P. 643, wherein an unrecorded instrument, by its terms conveying in trust personal property consisting of a stock of goods for the benefit of certain creditors and to avoid payment of a judgment, was held to be fraudulent and void. The rule of law therein stated is not applicable. In Owen v. Interstate Mortgage Trust Co., 88 Okla. 10, 211 P. 87, 30 A.L.R. 816, this court held:

"There is no statute in this jurisdiction, and we know of no rule of equity, requiring notice of the assignment of a judgment to be given to any particular person in any particular manner."

Neither the time nor the manner in which the garnishee learned of the assignment appears from the record.

The only purpose served by the statute, Title 46, O.S. 1941, § 57, relating to chattel mortgages is to afford to prospective creditors, purchasers, or encumbrancers constructive notice of lien against mortgaged property. Morgan v. Stanton Auto Co., 142 Okla. 116, 285 P. 962. However, in view of the rule pertaining to judgments by which a garnishing creditor merely obtains the advantage of occupying the position of his debtor in relation to the garnishee, it would seem that the amount impounded by the garnishment process would be such sum only as the garnishee, at the time of his answer, was bound to pay the defendant. In Knight v. Griffey, 161 Ill. 85, 43 N.E. 727, as to a judgment, it is held:

"Notice to the debtor is not necessary to perfect an assignment. A garnisheeing creditor is merely substituted, by act of law, in place of the debtor whose name must necessarily be used in an action at law to recover the demand. In the absence of fraud, such garnisheeing creditor is on no better footing than a debtor. If notice is not given, a debtor will be indemnified in any payment made by him in ignorance of an assignment; but if he has notice of the assignment before he makes his anwer as garnishee, notice will be in time."

It therefore appears to be the general rule, as stated in 34 C.J. 645, that a valid assignment of a judgment may be made without notice and "The fact that no notice of the assignment of a judgment was given to the debtor does not render the assignment void as against a garnishing creditor of the assignor." Williams et al. v. West Chicago Street Ry. Co., 199 Ill. 57, 64 N.E. 1024.

The issue was properly determined by the trial court; we find no merit in the contention.

Error is predicated upon the giving of an instruction which it is said amounts

to an instructed verdict. In view of the state of the record, in which neither the form, contents, consideration for, nor time of execution and delivery of the assignment is challenged, it would seem that the entire merits of the controversy are dependent upon an issue of law determinable by the court, so that the error urged in the giving of the instruction becomes immaterial.

It is contended that the judgment should be reversed because of failure of Mid-West Creamery Company to prove payment of intangible tax upon the indebtedness represented by its assigned judgment. The intangible tax receipts in evidence establish payment of intangible taxes for the years involved, upon large sums, allocated to the payment of the tax levies required; the testimony supports the view that the intangible tax upon the indebtedness was paid.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, CORN, and ARNOLD, JJ., concur.