AGUSTÍN VALIENTE GRANDA, Plaintiff and Appellee, *v.* FRANCISCO BUXÓ, Defendant and Appellant.

No. 9578. Argued January 13, 1948.—Decided February 4, 1948.

*A. L. López* for appellant. *E. Martínez Rivera* and *Luis Blanco Lugo* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In this case the complaint alleged in substance, that on January 10, 1930, the District Court of San Juan rendered

a judgment in civil case No. 2288, instituted by the Banco Territorial y Agrícola de Puerto Rico against Francisco Buxó and Rosa Villafañe widow of Buxó, adjudging the defendant Francisco Buxó to pay to the plaintiff bank the sum of $7,975, as principal, and interest thereon at the rate of 12 per cent per annum from June 1937 (*sic*) until fully paid, together with costs and attorney's fees; that said judgment had not been satisfied, either in whole or in part, by said defendant, despite the fact that it became definitive (*firme*) and enforceable on July 29, 1931, when it was affirmed by this Court;[1] that prior to the filing of the complaint, Banco Popular de Puerto Rico, as liquidator of Banco Territorial y Agrícola de Puerto Rico, had assigned to the plaintiff Agustín Valiente Granda the above-mentioned judgment, which the defendant Buxó had failed to pay to the plaintiff. Wherefore, it was prayed that the defendant be adjudged to pay to the plaintiff the sum of $7,975 as principal and interest thereon at the rate of 12 per cent per annum from July 1931 (*sic*), together with costs and $3,000 as attorney's fees.

The defendant answered and admitted that a judgment was rendered against him and that said judgment had not been satisfied either in whole or in part; but he denied that Banco Popular de Puerto Rico, as liquidator of Banco Territorial y Agrícola had assigned to the plaintiff or to any other person, natural or artificial, the above-mentioned judgment; or that the plaintiff was the owner of such credit, or that the judgment had been awarded to him; and he set up as a special defense, that plaintiff Valiente Granda had testified in the District Court of Humacao, in another case instituted by San Miguel, González and Valiente & Co. against the same defendant Buxó, that he had acquired said judgment for that partnership while the judgment rendered in

---

[1] Said judgment was not actually affirmed by this Court; but since an appeal was taken therefrom by the plaintiff bank as well as by the defendant Francisco Buxó, and both of them abandoned their appeals, an order was issued to that effect on July 28, 1931. (See civil case No. 5792 of this Court.)

favor of the latter was pending execution. He finally alleged "as a special defense, that the action brought has prescribed by operation of law."

The issue having thus been joined, the case went to trial, and the District Court of Humacao, after weighing the evidence introduced, rendered a decision adjudging the defendant Buxó to pay to the plaintiff Valiente Granda the amount claimed, with interest thereon at the rate of 12 per cent per annum from June 1927 (*sic*), plus costs and $200 as attorney's fees. From that judgment the defendant has appealed to this Court, and in support of his appeal, he assigns five errors, which we will discuss in the same order in which they appear in the brief filed by him.

■ The defendant first contends that the lower court erred in admitting in evidence a certificate issued by the Clerk of the District Court of San Juan "in connection with the supposed assignment of the judgment mentioned in this case." We do not agree. Said certificate is a literal copy of a document entitled "Instrument of Assignment" filed in the former District Court of San Juan, in a civil action entitled "Banco Territorial y Agrícola de Puerto Rico, Plaintiff v. Francisco Buxó and Rosa Villafañe widow of Buxó, Defendants, civil No. 2,288, regarding collection of a promissory note." If the record to which the original of said "Instrument of Assignment" was attached had been taken to the District Court of Humacao by the Clerk of the District Court of San Juan, there is no doubt that it would have been admissible in evidence. Since a literal copy of a document forming part of said record, duly certified by the clerk who kept the original under his custody was produced, there is no doubt either that such a certified copy was admissible as evidence. See § 69(6) of the Law of Evidence (§ 431 of the Code of Civil Procedure, 1933 ed.),[2] and the case of *Negrón v. Corujo*, 67 P.R.R. 371, 374.

■ The defendant urges, as a second error, that the lower court erred "in overruling the defense of prescription established by him." The appellant is not correct in this contention either. We are dealing here with an action upon a judgment, which became definitive on July 28, 1931, the date on which the Supreme Court of Puerto Rico issued an order dismissing the appeal taken by the appellants from the judgment rendered by the District Court of San Juan on January 10, 1930. Since said judgment was rendered in an action upon a promissory note, its enforcement or execution could not be carried out after the lapse of five years from the date of its entry. Section 243 of the Code of Civil Procedure.[3] However, after said term had expired there was nothing which prevented the institution of a new action upon the judgment. *Candal* v. *Pierluisi et al.*, 28 P.R.R. 564, 568, and *Tettamanzi et al.* v. *Zeno*, 24 P.R.R. 724. See also *Valdés* v. *Hastrup*, 64 P.R.R. 569, 573, and *Capó* v. *Piñeiro*, 33 P.R.R. 832, 839; 15 Cal. Jur. § 258, p. 258; 31 Am. Jur. § 815, p. 328. Said new action was not subject to the term of five years already mentioned. On the contrary, since a personal action is involved for the recovery of money, that action prescribes after the lapse of fifteen years, counted from the date on which the judgment became definitive and enforceable. Sections 1864 and 1871 of the Civil Code, 1930 ed.[4] Since

---

[2] "Sec. 69.—Other official documents may be proved as follows:

"

"6. Documents of any other class in Puerto Rico, by the original, or by a copy, certified by the legal keeper thereof."

[3] "Section 243.—In all cases other than for the recovery of money, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental proceedings."

[4] "Section 1864.—A mortgage action prescribes after twenty years, and those which are personal and for which no special term of prescription is fixed, after fifteen years."

"Section 1871.—The period for the prescription of actions to demand the fulfilment of obligations declared in a judgment shall begin from the day the judgment became final."

said judgment was definitive on July 28, 1931 (the date on which the Supreme Court issued the order above referred to), the 15-year limitation period had not yet elapsed when on January 10, 1946, the action upon the judgment was filed.

■ Moreover, the defense of prescription was not raised in due form, and on that ground alone, the District Court of Humacao would have been justified in overruling it. *Aldea v. Tomás y Piñán,* 51 P.R.R. 740, 751, and *Catoni v. Martorell,* 38 P.R.R. 295. Therefore, the lower court acted correctly in dismissing the defense of prescription.

■ The third contention of the appellant is that the lower court erred "in denying the admission of the documents introduced by the defendant." Conceding, solely for the purpose of this opinion, that the lower court committed the error thus assigned, we do not think that the same would cause a reversal. The defendant introduced in evidence, in the first place, the complaint filed in civil case No. R-903 [5] in the District Court of San Juan by San Miguel, González and Valiente & Co. against Francisco Buxó, an action upon a judgment. (The complaint is based on the same judgment which gave rise to the action under discussion.) And, in the second place, an abridged certificate issued by the Clerk of the District Court of San Juan on February 28, 1945, wherein it is stated that, in civil case No. 17,493, entitled Francisco Fano, Acting Treasurer of P. R., Plaintiff v. Banco Territorial y Agrícola de Puerto Rico, Defendant, Banco Popular de Puerto Rico, Liquidator, regarding Judicial Administration, there appears at p. 6, lines 34 and 35, of the Notice of Sale issued by the marshal, a promissory note of Francisco Buxó and Rosa D. widow of Buxó for $8,945.30; that said promissory note, together with other obligations, was sold at public auction on November 27, 1942, to the bidder Gonzalo Aponte;

---

[5] Case R–903 of the District Court of San Juan was transferred to the District Court of Humacao and it was filed therein under No. R–773.

128

and that such a public sale was set aside by the court on January 7, 1943, and the same obligations were then awarded to Agustín Valiente.[6]

If the complaint of San Miguel, González y Valiente & Co. against the defendant herein had been admitted in evidence, it would not have defeated the right of plaintiff Valiente Granda to bring an action upon the judgment originally rendered in favor of Banco Territorial y Agrícola. We say this, not only because from the very certificate offered in evidence by the defendant and not admitted by the court, it clearly appears that Valiente and not the partnership was the person to whom the credits of the Banco Territorial were awarded, but also because from the ''Instrument of Assignment,'' to which we referred when discussing the first assignment, it manifestly appears that the assignee of the judgment was the plaintiff herein, Agustín Valiente Granda, and not the partnership mentioned above. The admission of the certificate of February 28, 1945, and of the final order of January 7, 1943, would not have altered the conclusion reached by the lower court either. Therefore, the third error assigned has not been committed.

■ The appellant in his fourth assignment urges that the lower court erred ''in holding that the evidence for the plaintiff justified a judgment in his favor.'' An examination of the case convinces us that the defendant is not correct in this contention either. The judgment rendered by the District Court of San Juan on January 10, 1930, was offered and admitted in evidence. The defendant in his answer accepted not only that said judgment had been rendered but also that it had not yet been satisfied, and the ''Instrument of Assignment'' shows that the judgment was sold by Banco Popular de Puerto Rico, as Liquidator of Banco Territorial de Puerto

---

[6] As to the final order of January 7, 1943, it is not necessary to make any comments, since the same was withdrawn as evidence by the defendant himself. See p. 13, line 12, of the Transcript of the Evidence.

Rico, to plaintiff Agustín Valiente Granda. That "Instrument" was signed by the liquidator of the assignor bank. The latter could do so, and, besides, there is nothing in the law which would prevent the assignment of the judgment from being made in the manner stated. *Valiente* v. *Registrar*, 63 P.R.R. 143, 150; *Benítez Rexach* v. *Muñoz*, 45 P.R.R. 588; 30 Am. Jur., § 129, p. 889 and 30 A.L.R. 816. Under those circumstances, the right of the plaintiff to a favorable judgment was clearly established.

The fifth assignment refers to the imposition of costs and attorney's fees. As to the former, it is sufficient to state that, since the approval of Act No. 94 of May 11, 1937 (Laws of 1937, p. 229), the imposition of costs on the losing party is mandatory; and, as to the attorney's fees, that the same will be granted when the losing party has been obstinate. *Colón* v. *Asociación Cooperativa Lafayette*, 67 P.R.R. 250. In view of the evidence introduced in this case, we would not be justified in holding that the defendant in this case was not obstinate.

The judgment appealed from should be affirmed.