40845. UNITED STATES FIDELITY & GUARANTY COMPANY v. LUTTRELL.

DECIDED SEPTEMBER 23, 1964.

326

*Marson G. Dunaway, Jr.*, for plaintiff in error.
*Robert Edward Surles*, contra.

RUSSELL, Judge. ■ The levy in the original attachment case was on a stock of goods and on an adding machine. Whether or not the adding machine was in fact owned by the defendant in attachment is a disputed issue of fact, but there may be a

recovery on a statutory bond if any of the property wrong ully seized belongs to the defendant in attachment, although some of it does not. *Hinton-Bellah, Inc. v. Thebit*, 62 Ga. App. 672 (9 SE2d 779). While the question of ownership undoubtedly goes to the issue of damages, it does not go to the issue of whether or not there is any liability if it relates to less than all of the property involved. Since the judgment in favor of the plaintiff in this action concerns liability only, the fact that such an issue of fact remains in the case in no way renders erroneous the judgment actually entered.

■ The original attachment was void because the affidavit was not sworn to before the proper judicial officer and because no declaration in attachment was ever filed. *Lester v. Luttrell*, supra. The plaintiff in error contends that a grant of summary judgment against it as surety on the original bond is unauthorized for the reason that there can be no liability on the bond if the proceeding is void ab initio. It does not deny, however, that it entered into an obligation to pay whatever damages the defendant in attachment might sustain "in consequence of suing out such attachment," nor does it controvert the evidence that the attachment "which is now about to be sued out returnable to the July term, 1961, of the Superior Court" of Chattooga County was sued out, that a levy was made under it, that personal property belonging to Luttrell was seized as a result of the levy, that a petition for forced sale was procured, and that the property was in fact sold and the plaintiff deprived of his stock of groceries as a result. "The only conditions necessary to a recovery on the bond are failure on the part of the plaintiff to recover in the case, and the sustaining by the defendant of damages or costs in consequence of the suing out of the attachment. No question of malicious use or abuse of legal process, or other additional element necessary for a recovery in tort, is involved. The two things are entirely distinct. The one is a possibility of liability arising in tort; the other is a definite contract upon the terms stated in the bond." *Levin v. American Furniture Co.*, 133 Ga. 670, 673 (66 SE 888). In Hyde v. Southern Grocery Stores, 197 S.C. 263 (15 SE2d 353) it was held: "The fact that the attachment was irregular or void will not screen the defendant

from liability for wrongful attachment. Nor may such fact be shown in mitigation of damage." Although the attachment instituted is void, if it was in fact instituted by the defendant and had the result of depriving the plaintiff of his property, a right of action lies. Peterson v. Wiesner, 62 Nev. 184 (146 P2d 789); Robbins v. Peeler, 192 Okla. 123 (134 P2d 350); 6 Am. Jur. 2d 997, Attachment and Garnishment, § 615. The liability of a surety on a statutory bond depends on the terms of the statute; it is presumed that the intent of the parties is to execute such a bond as the law requires, and the statutory requirement is accordingly read into the terms of the bond. *Talmadge v. General Cas. Co.*, 88 Ga. App. 234 (76 SE2d 562). *Code* § 8-111 provides that the attachment bond shall be conditioned to pay all damage the defendant may sustain "in consequence of suing out the attachment." It thus specifies only that the attachment shall be sued out; not that it shall be a "good" case in the sense that a recovery must be had for the defendant on the merits. *McCormick v. Tribune-Herald Co.*, 13 Ga. App. 61 (78 SE 779), holding that the remedy of a defendant in attachment to recover actual damages for the suing out of the attachment is an action on the bond, is in point here for examination of the record shows that the right of action for damages was based on an alleged illegal levy sale under a void attachment the grounds of which were successfully traversed in the original proceeding. The cases cited by the plaintiff in error do not require any contrary conclusion. *Massachusetts Bonding &c. Co. v. U. S. Conservation Co.*, 31 Ga. App. 716 (122 SE 728) holds that the attachment suit is created by the levy, and where there is no levy but the action proceeds at common law under the issues formed by the declaration and answer, there can be no suit on the bond. In *Dunn & McCarthy, Inc. v. Pinkston*, 54 Ga. App. 92, 95 (187 SE 175) there was no levy, and no funds were garnished until after the filing of the dissolution bond had ended the attachment case. *Heard v. National Bank of Ill.*, 114 Ga. 291 (40 SE 266) holds merely that where an attachment is absolutely void, no valid judgment against the defendant in attachment can be rendered in the case. The plaintiff here is no less damaged because his goods have been seized

and sold after levy under a void attachment than under a legally sufficient attachment and levy. The obligation of the surety is not conditioned upon the defendant winning the case on its merits, but on damage arising from the suing out of the attachment. Since these facts appear without dispute from this record, it follows that the plaintiff in attachment is liable to the defendant for damage sustained by the latter, and the liability of the surety on the plaintiff's attachment bond (the bond itself not being under attack as void or irregular in any way) is the same as the liability of the principal. The trial court did not err in entering up summary judgment in favor of the plaintiff on the question of liability.

■ The record in the case is too incomplete to permit any decision on the merits of the order striking the defendant's amendment to its answer.

The trial court did not err in granting the motion for summary judgment.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*