**M & M TRANSFER COMPANY**

v.

**AUTO RENTAL AND LEASING, INC.**

Civ. A. No. 12894.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 4, 1970.

Stack & O'Brien, Edgar A. Neely, III, Wm. J. Stack, Jr., Fred L. Somers, Jr., Atlanta, Ga., for plaintiff.

Henning, Chambers, Mabry & Crichton, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

The above-styled action having been reinstated by an amendment to the complaint showing that diversity jurisdiction exists, the case is now before the court for consideration of defendant's motion to dismiss for failure to state a claim and motion to stay the action pending outcome of a related case in the Superior Court of Fulton County, Georgia, or in the alternative to dismiss the action as premature or on principles of comity. A review of the record in this case indicates that the action is premature and the court therefore will not reach the other questions raised by defendant's motions.

Briefly, the complaint alleges that on February 10, 1969, Defendant Auto Rental and Leasing, Inc. filed an action against Plaintiff M & M Transfer Company in the Superior Court of Fulton County for $75,138.66, and that prior to the filing of said suit Auto Rental had furnished an attachment bond, obtained a writ of attachment, and caused a levy to be made on 19 tractor-trailers belonging to M & M; that on April 3, 1969, M & M filed a motion to vacate and dissolve the levy; and that on April 8, 1969, the Superior Court dismissed the levy of attachment on the trailers. Plaintiff M & M concludes from the foregoing that Auto Rental failed to sustain its levy of attachment and that M & M therefore is entitled to recover both on the bond and for damages in excess of the bond.

Examination of the record reveals that the attachment proceedings against M & M were in fact instituted in the Civil Court of Fulton County by filing an affidavit and bond in attachment and that a writ of attachment returnable to the Civil Court was thereupon issued by the Deputy Clerk of that Court. Pursuant to the writ certain debts then owing to M & M were garnished and 19 tractor-trailers belonging to M & M were attached. Eight days later Auto Rental filed in the Civil Court a dec-

laration in attachment in which the amount owing at that time was alleged to be $21,297.66, and the amount expected to accrue in the future was alleged to be in excess of $39,720.10. On January 27, 1969, the Civil Court transferred the case to the Superior Court of Fulton County and on February 12, 1969, Auto Rental filed in the Superior Court an additional declaration in attachment setting forth the amounts paid into court by said garnishments and a detailed description of the trailers levied upon. On February 17, 1969, M & M was personally served with notice of the attachment proceedings, pursuant to Ga.Code Ann. § 8–602, and on February 28, 1969, M & M filed a motion to dismiss the attachment proceedings. The motion was denied on March 20, 1969, whereupon M & M filed a motion to dismiss the levy on the 19 tractor-trailers. The latter motion was granted on April 8, 1969, on the ground that the initial declaration had been filed in the Civil Court rather than in the Superior Court as required by Ga.Code Ann. § 8–117. In July 1969 M & M filed the instant action in which it seeks to recover both on the statutory bond and for malicious suing out of the attachment without probable cause.

■ Defendant Auto Rental contends that the Superior Court's dismissal of the levy on the ground set forth above was improper inasmuch as the Civil Court of Fulton County has concurrent jurisdiction with the Superior Court and the action was therefore properly before the Civil Court and properly transferred by that court, citing as authority therefor Tennessee-Virginia Construction Co. v. Willingham, 117 Ga.App. 290, 160 S.E. 2d 444 (1968).[1] Plaintiff M & M, on the other hand, contends that since the levy on the trailers has been dissolved it is not necessary to await the outcome of the attachment suit before determining either liability on the statutory bond or tort liability for maliciously suing out the attachment. This position is untenable for two reasons. First, it ignores the fact that the writ of attachment was not dissolved; the garnishments which were obtained pursuant to the writ are still effective even though the levy on the trailers has been dissolved and the attachment suit therefore is still viable. Additionally, since the order dissolving the levy was issued in proceedings containing other issues which were not ruled upon in that order the order was not a final one and therefore could not be considered dispositive of the matter in any event.[2] Our decision need not rest on this ground, however, for it now appears that the Superior Court allowed M & M to appeal that court's denial of M & M's motion for summary judgment, that Auto Rental cross-appealed on the levy-dismissal issue and that on May 7, 1970, the Georgia Court of Appeals ruled that Auto Rental's declaration was properly filed and reversed the trial court's dismissal of the levy of attachment.

■■ Under Georgia law, failure on the part of plaintiff in attachment to recover in the attachment case is a condition precedent to recovery on the statutory bond.[3] United States Fidelity &

---

1. *See also* Benefield v. Radiator Specialty Co., 116 Ga.App. 588, 158 S.E.2d 423 (1967).

2. Absent an express determination by the court that an order disposing of fewer than all claims presented in an action is a final judgment, and an express direction for the entry of judgment thereon, any such order is subject to review at any time before the entry of judgment adjudicating all of the claims. Rule 54 (b). Federal Rules of Civil Procedure.

3. The attachment case may, of course, fail either because the statutory prerequisites to issuance of the writ were not present or because judgment is rendered against plaintiff in attachment insofar as the alleged debt is concerned. Where, as here, the statutory grounds for attachment unquestionably exist, if the existence of the underlying debt is established by judgment for plaintiff in the attachment suit there can be no recovery for wrongful and malicious attachment. Ross v.

Guaranty Co. v. Luttrell, 110 Ga.App. 325, 138 S.E.2d 457 (1964). Until the attachment case has been concluded any action on the attachment bond is premature, *see e. g.,* Fourth National Bank of Cincinnati v. Mayer, 96 Ga. 728, 734, 24 S.E. 453 (1894); United States Fidelity & Guaranty Co. v. Luttrell, *supra;* Parker v. Nolan, 37 Ga.App. 205, 139 S.E. 429 (1927); Massachusetts Bonding & Insurance Co. v. United States Conservation Co., 31 Ga.App. 716, 122 S.E. 728 (1924).

Accordingly, the instant action must be and hereby is dismissed as premature. Tademy v. Scott, 157 F.2d 826 (5th Cir. 1946). Such a dismissal necessarily is without prejudice. *Id.;* 2B Barron & Holtzoff, § 921 at 158–59.

It is so ordered.

Peck Iron & Metal Co., 264 F.2d 262 (4th Cir. 1969). In such case it is evident that a claim of wrongful and malicious attachment is not completely unrelated to the validity of the underlying debt as M & M contends.